10-483-cv(L)
Koon Chun v. Star Mark Management

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of December, two thousand and ten.

Present:     JON O. NEWMAN,
             JOHN M. WALKER,
             ROSEMARY S. POOLER,
                     *Circuit Judges*.

_____

KOON CHUN Hing KEE SOY & SAUCE FACTORY, LTD.,
a company organized under the laws of HONG KONG,

                 *Plaintiff-Appellee-Cross-Appellant*,

        -v-                                              10-483-cv(L)
                                                         10-652-cv(XAP)

STAR MARK MANAGEMENT, INC., a New York Corporation,
GREAT MARK CORPORATION, a New York Corporation,
JIMMY ZHAN a/k/a Yi Q. Zhan,

                 *Defendants-Appellants-Cross-Appellees,*

JOHN DOES 1 THROUGH 10,

                 *Defendants*.

_____

Appearing for Appellee-Cross-Appellant:     Carolyn Shields, Liu & Shields, LLP, Flushing, N.Y.

Appearing for Appellant-Cross-Appellee:     Richard Crisona, Abelman, Frayne & Schwab (Jeffrey A. Schwab, Anthony A. Coppola, *on the brief*) New York, N.Y.

Appeal from the United States District Court for the Eastern District of New York  (Bianco, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendants Star Mark Management, Inc., Great Mark Corporation, and Jimmy Zhan appeal from the award of treble damages and attorneys' fees to plaintiff Koon Chun Hing Kee Soy & Sauce Factory, Ltd. pursuant to 15 U.S.C. § 1117(b) of the Lanham Act for trademark infringement.  Koon Chun cross-appeals from the district court's denial of an award for its lost profits, and from the district court's award of attorneys' fees in an amount of 20 percent less than what Koon Chun requested.      We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Koon Chun, a Hong Kong corporation, makes, in its factory in Hong Kong, sauces, seasonings and vinegars used in Chinese foods, including hoisin sauce.  Defendants are New York corporations that import food items for resale to supermarkets, restaurant product distributors and retailers.  The president of both corporations is Yi Qiang Zhan, a/k/a Jimmy Zhan.  Both Star Mark and Zhan, and several other companies Zhan was involved with, were previously sued for trademark infringement and had received cease-and-desist letters.

In March 2002, the defendants purchased 350 cases of genuine Koon Chun hoisin sauce through one of their suppliers.  Each case of hoisin sauce contained six 5-lb cans of hoisin sauce.  The defendants argued that they did not make any profit on these cases of hoisin sauce because they paid such a high price.  In August 2002, defendants began buying additional cases of Koon Chun hoisin sauce from their supplier in China.  These subsequent shipments were all counterfeit, and defendants paid a lower price for each of the counterfeit cases.

By September 2003, plaintiff discovered that counterfeit products bearing the Koon Chun label were being sold in the United States.  On April 3, 2004, a private investigator hired by plaintiff bought two cans of counterfeit Koon Chun sauce from defendants.  In June 2004, pursuant to an Order of Seizure, Koon Chun seized 103 cases of counterfeit Koon Chun hoisin sauce from defendants.  An additional 680 cases of counterfeit sauce were turned over to plaintiff by defendants in July 2004.  The parties stipulated at trial that the case of sauce purchased by plaintiff's private investigator, the 103 cases seized in June 2004 and the 680 cases turned over to plaintiff were all counterfeits.

We review a district court's decision on whether to award profits, damages or attorney's fees for abuse of discretion. *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger, U.S.A., Inc.*, 80 F.3d 749, 752 (2d Cir. 1996).  We review the factual findings underlying a finding of willful infringement for clear error.  *Id.* at 753.

Defendants first contend the district court erred because it awarded treble damages and attorneys' fees based on the lower standard of willful infringement applied in copyright cases, rather than finding willful trademark infringement. The plain language of Section 1117(b) mandates the imposition of treble damages and attorneys' fees for the "intentional[]" and "knowing" use of a counterfeit mark - and the district court properly did so. As the district court noted, the evidence adduced by the plaintiff supports a finding of willfulness under either a preponderance of evidence or a clear and convincing standard of review. The district court found Zhan's testimony incredible, and because of this drew inferences in plaintiff's favor. These credibility findings are entitled to substantial deference, and are supported by the record. We find no abuse of discretion. Similarly, we find no abuse of discretion in the district court's award of attorneys' fees.

We have examined the remainder of the arguments set forth by the parties and we find them to be without merit. The judgment of the district court hereby is AFFIRMED in its entirety.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk