10-4931-cv(L)
Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

# UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term, 2011

Argued: February 10, 2012            Decided: June 13, 2012

Docket Nos. 10-4931-cv(L), 11-16-cv(XAP)

―――――――――――――――

STAR MARK MANAGEMENT, INC., A NEW YORK CORPORATION, GREAT MARK
CORPORATION, A NEW YORK CORPORATION, JIMMY ZHAN, INDIVIDUALLY AND
ON BEHALF OF STAR MARK MANAGEMENT, INC. AND GREAT MARK CORPORATION,
AKA YI Q. ZHAN,

*Plaintiffs*,

LAW OFFICES OF BING LI, LLC, BING LI,

*Appellants-Cross-Appellees*,

—v.—

KOON CHUN HING KEE SOY & SAUCE FACTORY, LTD., A COMPANY
ORGANIZED UNDER THE LAWS OF HONG KONG,

*Defendant-Appellee-Cross-Appellant.*

―――――――――――――――

Before:

KATZMANN, CHIN, *Circuit Judges*, and ROSENTHAL, *District Judge.*[1]

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*) imposing sanctions under Federal Rule of Civil Procedure 11 for the filing of a frivolous action.

**AFFIRMED.**

―――――――――――――

[1] Hon. Lee H. Rosenthal, United States District Judge for the Southern District of Texas, sitting by designation.

DANIEL P. LEVITT, ESQ., Scarsdale, New York (Bing Li, Law Offices of Bing Li, LLC, New York, New York, *on the brief*), *for Appellants*.

JOSEPH THOMAS ROCCANOVA, Yuen Roccanova Seltzer & Sverd P.C., New York, New York, *for Appellee*.

PER CURIAM:

In this case, the district court (Matsumoto, *J*.) imposed sanctions of $10,000 in fees and costs pursuant to Fed. R. Civ. P. 11 against plaintiffs (collectively, "Star Mark") and their attorneys, Bing Li, Esq., and his firm, Law Offices of Bing Li, LLC (together, "Li"), in favor of defendant Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun"). Li appeals, contending that the district court erred in its application of Rule 11. Koon Chun cross-appeals, contending that the district court should have awarded substantially more than $10,000. Koon Chun also moves to sanction Li for filing a purportedly frivolous appeal. We affirm. We also deny the motion for additional sanctions.

## *BACKGROUND*

In 2004, Koon Chun sued Star Mark in the Eastern District of New York for trademark infringement based on Star Mark's sale of counterfeit versions of Koon Chun's hoisin sauce, a sweet and spicy sauce used in Chinese cuisine both as an ingredient in cooking and as a condiment. The district court (Bianco, *J*.) granted partial summary judgment to Koon Chun, finding Star Mark liable for trademark and trade dress infringement. *See Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-CV-2293 (JFB) (SMG), 2007 WL 74304, at *8–11 (E.D.N.Y. Jan. 8, 2007). The parties proceeded to litigate the issues of willfulness and damages.

2

At a status conference in May 2007, Star Mark -- represented by Li -- asked for leave to amend its answer and add counterclaims seeking, *inter alia*, cancellation of Koon Chun's mark on the theory that Koon Chun's use of the word "hoisin" -- which translates to "seafood" -- was deceptive because the sauce did not contain seafood. The magistrate judge (Gold, *J.*)[2] expressed skepticism about the proposed claims. He said that while he had no authority to prohibit Star Mark from filing a motion for leave to amend, he would consider imposing sanctions if the motion were made and he deemed sanctions appropriate. Star Mark elected not to file its motion and instead asserted the claims in a new lawsuit, this action below. Again, Li represented Star Mark.

The remaining claims in the first lawsuit were tried. The magistrate judge found that the Star Mark infringement was willful and awarded damages and costs. We affirmed. *See Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, 409 F. App'x 389 (2d Cir. 2010).

In the meantime, the parties proceeded with the litigation of this action. On January 9, 2008, Koon Chun's counsel sent Li a letter requesting that Star Mark withdraw the complaint and threatening to file a Rule 11 motion. Attached to the letter was a proposed Rule 11 notice of motion, which listed six grounds for Koon Chun's assertion that the lawsuit was frivolous. Although the notice of motion referred to a memorandum of law and two affidavits, no such documents were attached to the notice of motion. The letter, however, contained citations to legal authorities.

---

[2]      After Judge Bianco referred all issues as to willfulness and damages to Magistrate Judge Gold, the parties consented to have the case assigned for all purposes to the magistrate judge.

Star Mark did not withdraw the complaint. Koon Chun moved for judgment on the pleadings dismissing the complaint pursuant to Fed. R. Civ. P. 12(c) and for sanctions under 28 U.S.C. § 1927 and Rule 11. The new notice of motion listed four grounds for Koon Chun's assertion that the lawsuit was frivolous. Three of these grounds were among the six listed in Koon Chun's earlier notice of motion, attached to the letter sent to Li. The fourth ground -- no evidence of fraud -- was part of the request for sanctions under § 1927. In a thorough and carefully-considered memorandum and order filed September 8, 2009, the district court (Matsumoto, *J.*) granted both motions. *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, No. 07-CV-3208 (KAM) (SMG), 2009 WL 2922851 (E.D.N.Y. Sept. 8, 2009). The district court granted the motion for sanctions under Rule 11, not under § 1927. *Id.* at *15.

The district court referred the issue of the amount of fees and costs to the magistrate judge, who recommended an award against Star Mark and Li of $105,037.02 in fees and costs. In an order filed September 30, 2010, the district court accepted and adopted the magistrate judge's recommendations, but reduced the award to a total of $10,000 for fees and costs "based upon the showing of financial hardship by plaintiffs and their attorney." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, No. 07-CV-3208 (KAM) (SMG), 2010 WL 3924674, at *6 (E.D.N.Y. Sept. 30, 2010). Koon Chun moved for reconsideration, and the district court denied the motion by order entered November 23, 2010.

These cross-appeals followed.

4

## DISCUSSION

We discuss (1) Li's appeal from the district court's imposition of sanctions, (2) Koon Chun's cross-appeal as to the amount of the sanctions awarded, and (3) Koon Chun's motion to sanction Li for filing a purportedly frivolous appeal.

## I.     The Appeal

In his appeal, Li raises two principal issues: (a) whether the service of an informal warning letter with a notice of Rule 11 motion, as opposed to a formal motion, satisfies the safe harbor requirement of Fed. R. Civ. P. 11(c)(2); and (b) whether the district court abused its discretion in concluding that plaintiffs' claims were frivolous.

We review an award of Rule 11 sanctions for abuse of discretion. *Lawrence v. Richman Grp. of CT LLC*, 620 F.3d 153, 156 (2d Cir. 2010) (per curiam). "An 'abuse of discretion' occurs when a district court 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.'" *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010) (quoting *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)) (alterations in original).

### A.     *The Safe Harbor Provision*

Rule 11 provides, in pertinent part:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b).  The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2).

5

The advisory committee note explains:

> To stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule, the revision provides that the "safe harbor" period begins to run only upon service of *the motion*. In most cases, however, counsel should be expected to give informal notice to the other party, whether in person or by a telephone call or letter, of a potential violation before proceeding to prepare and serve a Rule 11 motion.

*Id.* advisory committee's notes to 1993 Amendments (emphasis added).

Rule 11 and principles of due process require that "the subject of a sanctions motion be informed of: (1) the source of authority for the sanctions being considered; and (2) the specific conduct or omission for which the sanctions are being considered so that the subject of the sanctions motion can prepare a defense." *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999). "Indeed, only conduct explicitly referred to in the instrument providing notice is sanctionable." *Id.* (citation omitted); *accord Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 389 (2d Cir. 2003).

The safe-harbor provision is a strict procedural requirement. *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 142 n.4 (2d Cir. 2002); *see also Hadges v. Yonkers Racing Corp.*, 48 F.3d 1320, 1327–29 (2d Cir. 1995). An informal warning in the form of a letter without service of a separate Rule 11 motion is not sufficient to trigger the 21-day safe harbor period. *L.B. Foster Co. v. Am. Piles, Inc.,* 138 F.3d 81, 89-90 (2d Cir. 1998) (request for sanctions in letter without separate service of motion did not comply with Rule 11's requirement that sanctions motion be made separately); *Gal v. Viacom Int'l, Inc.*, 403 F. Supp. 2d 294, 309 (S.D.N.Y. 2005) ("[T]he plain language of the rule states explicitly that service of the motion itself is required to begin the safe harbor clock -- the rule says nothing about the use of

6

letters."); *accord Roth v. Green*, 466 F.3d 1179, 1191–93 (10th Cir. 2006); *Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003); *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 789 (9th Cir. 2001). *But see Nisenbaum v. Milwaukee Cnty.*, 333 F.3d 804, 808 (7th Cir. 2003) (party's "letter" or "demand" sent to opposing counsel constituted substantial compliance with safe harbor provision) .

Here, however, Koon Chun did more than send a Rule 11 letter -- it attached to its letter a copy of its notice of motion for sanctions. After waiting the requisite 21 days, Koon Chun filed its sanctions motion -- which included as grounds for Rule 11 sanctions several of those listed in the earlier notice -- with the district court. Li nonetheless argues that Koon Chun failed to comply with the procedural requirements of Rule 11(c)(2) because it failed to serve a "formal fully supported motion," Appellant's Br. at 21, *i.e.*, without "any supporting legal and factual materials," Appellant's Reply Br. at 1.

We hold, in the circumstances here, that Koon Chun met the procedural requirements of the safe harbor provision of Rule 11(c)(2) by serving its notice of motion for Rule 11 sanctions with its January 9, 2008, letter, even though it did not serve at that time supporting affidavits or a memorandum of law.

First, Koon Chun complied literally with the requirements of the rule, as it served its notice of motion more than 21 days before it filed the motion with the district court; the motion was made separately from any other motion; and the notice of motion described the specific conduct that allegedly violated Rule 11(b). Fed. R. Civ. P. 11(c)(2).

Second, while Li contends that Koon Chun did not serve supporting papers such as a memorandum of law or affidavits, Rule 11(c)(2) requires only the service of "[a]

7

motion" or "[t]he motion." *See id.* It does not require the service of a memorandum of law

or affidavits, nor does it use the words "formal fully supported motion." *See Ideal*

*Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 339 (N.D. Iowa 2007) ("Rule

11 says nothing about requiring service of the *brief* in support of a Rule 11 motion to trigger

the twenty-one day 'safe harbor.'"). While at least one district court in this Circuit has

suggested that only "a fully supported motion" satisfies the safe harbor requirement, *see*

*Carruthers v. Flaum*, 450 F. Supp. 2d 288, 306 (S.D.N.Y. 2006), that is not what Rule 11

requires. We decline Li's invitation to read into the rule a requirement that a motion served

for purposes of the safe harbor period must include supporting papers such as a

memorandum of law and exhibits. The motion for Rule 11 sanctions filed with the district

court rested on substantially the grounds set forth in the earlier notice of motion,

undercutting the argument that the motion did not comply with the safe harbor requirement.

The additional ground listed in the filed motion -- no evidence of fraud -- was part of Koon

Chun's separate request for sanctions under § 1927, which is not subject to the safe harbor

requirement.

Third, while motions usually are accompanied by a memorandum of law and

exhibits, the issue here is not whether Koon Chun satisfied the district court's local rules or a

judge's individual practices, but whether it satisfied Rule 11's safe harbor provision. Indeed,

the district court accepted the motion. Moreover, under the federal rules, a motion need

only: "(A) be in writing unless made during a hearing or trial; (B) state with particularity the

grounds for seeking the order; and (C) state the relief sought." Fed. R. Civ. P. 7(b)(1). A

"motion" can take different forms, and it is distinct from a memorandum of law or affidavit.

8

The drafters of the rule surely understood this distinction when crafting the safe harbor requirement.

Finally, Koon Chun complied with the spirit of Rule 11 as it gave notice that it would be seeking sanctions under Rule 11 and identified six reasons why it believed Rule 11 had been violated. We reject Li's contention that he was not able to make an independent, professional judgment as to whether to withdraw the offending pleading "without being given any opportunity to see the movant's legal arguments, affidavits and exhibits." Appellant's Reply Br. at 4. Koon Chun's notice of motion gave Star Mark and Li notice of the alleged sanctionable conduct, and Li thus had the opportunity to determine whether there was a non-frivolous basis for the pleading. Here, Li made that very professional judgment, informing Koon Chun (in response to its earlier notice of motion) that none of its points had any merit.

To require that a party go through the expense of preparing a fully supported motion with a memorandum of law and exhibits would undermine one of the main purposes of the safe harbor provision, *i.e.*, "to reduce, if not eliminate, the unnecessary expenditure of . . . adversary resources." *Lawrence*, 620 F.3d at 158. The purpose of the provision is not to cause the party opposing a frivolous filing to incur costs merely to have the filing withdrawn, but to give the opponent notice and an opportunity to consider withdrawing the filing without the court's involvement. There is no question that Li had such notice and opportunity.

Accordingly, we hold that the safe harbor requirement was satisfied here.

**B.** ***Rule 11 Sanctions***

An attorney may be subject to sanctions under Rule 11 for presenting

9

frivolous claims in a pleading. Fed. R. Civ. P. 11(b)(2) and (c). "[T]he standard for triggering the award of fees under Rule 11 is objective unreasonableness and is not based on the subjective beliefs of the person making the statement." *Storey*, 347 F.3d at 387 (citation and internal quotation marks omitted). With respect to legal contentions, "[t]he operative question is whether the argument is frivolous, i.e., the legal position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" *Fishoff v. Coty Inc.*, 634 F.3d 647, 654 (2d Cir. 2011) (quoting *Morley v. Ciba–Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995)).

On appeal, Li challenges each basis of the district court's dismissal on the merits. As for the district court's conclusion that his claims were barred by *res judicata* and collateral estoppel, Li argues that the magistrate judge's sanctions warning in the first action constituted a "procedural bar" to raising claims against Koon Chun. Li asserts that his contention was an arguable extension of *Pike v. Freeman*, 266 F.3d 78 (2d Cir. 2001), in which we suggested that "showing that the applicable procedural rules did not permit assertion of the claim in question in the first action of course also suffices to show that the claim is not barred in the second action" under *res judicata*. *Id.* at 91. This argument is utterly without merit. A judge's warning that a proposed filing appears meritless and may subject that party and/or counsel to sanctions is, plainly, not a procedural rule precluding that party from bringing the filing. Here, the magistrate judge expressly informed Li that he had no authority to prevent him from moving to amend his clients' answer, stated that he was making no final decision as to whether sanctions would be appropriate, and noted on the docket sheet that Li could move to amend the answer at any time deemed appropriate. Furthermore, the magistrate judge directed Li to "look at the law," App. at 76, reminding him

10

that he had an independent obligation to determine if the proposed claims had merit, and pointed out to Li that his own clients had been found to sell hoisin sauce, suggesting that Li's contentions that Koon Chun was deceiving consumers and mislabeling its products with the term "hoisin" were specious at best.

Moreover, Star Mark's claims of abandonment and material alteration clearly lacked foundation substantially for the reasons discussed by the district court in its well-reasoned decision. *See Star Mark Mgmt.*, 2009 WL 2922851, at \*12. Li's contention that Koon Chun had deceived consumers with its hoisin sauce label because the term "hoisin" translates to seafood when there was no seafood in the sauce is without any support. Indeed, as the magistrate judge pointed out to Li, the fact that Koon Chun's product name translates to "seafood sauce" but does not contain seafood does not make the product misleading because many sauces are not named after their ingredients, but are named after the foods they accompany. "Steak sauce," for example, does not contain steak; it is a condiment for steak.

In sum, Li has failed to show that the district court abused its discretion in concluding that the action was frivolous. Nor has he shown that the district court abused its discretion in deciding to impose monetary sanctions. The district court aptly noted that it was "difficult for the court to envision a stronger case for the imposition of Rule 11 sanctions premised on the filing of a frivolous complaint than the instant action." *Id.* at \*14.[3]

_____

[3] This is not the first time Li has been sanctioned for misconduct. *See, e.g.*, *New Pac. Overseas Grp. (USA) Inc. v. Excal Int'l Dev. Corp.*, 99 Civ. 2436 (DLC), 99 Civ. 3581, 2000 WL 377513, at \*10 (S.D.N.Y. Apr. 12, 2000).

**II.    The Cross-Appeal**

In its cross-appeal, Koon Chun challenges the district court's imposition of sanctions as being too lenient.  It principally raises three issues.  First, it contends that the district court committed legal error in failing to consider its request for sanctions under 28 U.S.C. § 1927 and in only imposing sanctions under Rule 11.  Second, it argues that the district court erred in ruling on its motion for reconsideration that Li had not acted in bad faith.  Third, it argues that, in any case, the amount of monetary sanctions imposed on Li was too low, especially given that Li had the ability to pay the amount initially recommended by the magistrate judge.

Turning first to whether the district court erred in not considering Koon Chun's request for sanctions under 28 U.S.C. § 1927, while the standard for triggering sanctions under Rule 11 is "objective unreasonableness," *Margo v. Weiss*, 213 F.3d 55, 65 (2d Cir. 2000), to impose sanctions under § 1927, the court must make a finding of "conduct constituting or akin to bad faith," *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (citation and internal quotation marks omitted).  Here, Koon Chun argues that the district court abused its discretion in failing to consider whether to award § 1927 sanctions simply because it awarded Rule 11 sanctions.  However, in its order denying Koon Chun's motion for reconsideration, the district court explained why it declined to impose sanctions under § 1927.  Specifically, the district court found "insufficient facts to conclude, with the required high degree of factual specificity, that Li acted to harass, delay, or for other improper purposes, and/or in bad faith, warranting Section 1927 sanctions." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, No. 07-CV-3208 (KAM) (SMG), 2010 WL 3924674, at *5 (E.D.N.Y. Sept. 30, 2010) (citing *Dow Chem. Pac. Ltd. v.*

12

*Rascator Maritime S.A.*, 782 F.2d 329, 344 (2d Cir. 1986) ("[W]e have declined to uphold awards under the bad-faith exception absent both clear evidence that the challenged actions are entirely without color and [are taken] for reasons of harassment or delay or for other improper purposes." (alteration in original) (internal quotation marks omitted))).

Koon Chun then argues that the district court erred in concluding that Bing Li had not acted in bad faith. It contends that Li only commenced the second action (as opposed to filing counterclaims in the first action) to avoid being sanctioned by the magistrate judge. As the district court found, "Star Mark could have raised these claims as affirmative defenses and counterclaims in the First Action. There was nothing preventing litigation of these claims in the First Action, other than Star Mark's conscious choice to abandon litigation of these claims in that action in favor of filing a new action." *Star Mark Mgmt.*, 2009 WL 2922851, at \*13. Of course, even if Li acted foolishly in commencing the second action, we cannot say that the district court abused its discretion in finding insufficient evidence that Li's actions were "entirely without color and [were taken] for reasons of harassment or delay or for other improper purposes." *See Dow Chem. Pac.*, 782 F.2d at 344 (citation and internal quotation marks omitted). Accordingly, we conclude that the district court did not err in failing to sanction Li pursuant to 28 U.S.C. § 1927.

Finally, Koon Chun argues that the monetary sanctions imposed were too low even under Rule 11. Specifically, it contends that the district court erred in considering financial hardship rather than inability to pay. "[G]iven the underlying purpose of sanctions -- to punish deviations from proper standards of conduct with a view toward encouraging future compliance and deterring further violations -- it lies well within the district court's discretion to temper the amount to be awarded against an offending attorney by a balancing

consideration of his ability to pay." *Oliveri v. Thompson*, 803 F.2d 1265, 1281 (2d Cir. 1986). Because we do not think there is any meaningful difference between "financial hardship" and "inability to pay," we cannot conclude that the district court applied the improper standard in lowering the sanctions award. Koon Chun further argues that the financial information submitted by Li is questionable and insufficient to demonstrate an inability to pay. Given that the district court's broad discretion to lower a sanctions award based on inability to pay, however, we cannot say that the district court abused its discretion in lowering the sanctions amount to $10,000 based on Li's submissions. Moreover, as the district court noted in its denial of Koon Chun's motion for reconsideration, in fashioning the ultimate sanctions award, the district court "considered not only plaintiffs' and Li's ability to pay, but also 'the limited purposes of Rule 11 sanctions' when it concluded that a reduced sanction award was appropriate and sufficient for deterrence in this case." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, No. 07-CV-3208 (KAM) (SMG), 2010 WL 4878955, at *2 (E.D.N.Y. Nov. 23, 2010). Accordingly, we reject Koon Chun's arguments on cross-appeal and affirm the judgment of the district court.

## III.    Koon Chun's Motion for Sanctions

We turn to Koon Chun's motion for sanctions against Bing Li for the filing of a frivolous appeal. "If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "Rule 38 sanctions may include the granting of reasonable attorneys' fees to the party forced to defend the frivolous appeal." *In re 60 E. 80th St. Equities*, 218 F.3d at 118-19 (citation and internal quotation marks omitted). Although Bing Li's appeal is meritless, it is rare that a case will warrant sanctions under Rule 38 and, here, we cannot conclude that the arguments

14

raised on appeal rise to the level of frivolousness. *See In re 60 E. 80th St. Equities*, 218 F.3d at 119 (noting that this Court has often required "a clear showing of bad faith" in addition to frivolousness).

*CONCLUSION*

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** and appellee's motion for sanctions under Rule 38 is hereby **DENIED**.