In re EAKIN BROTHERS, INC., Debtor.

Steven G. Eakin, individually, and derivatively on behalf of Eakin Brothers, Inc., Plaintiff

v.

Robert C. Eakin and Eakin Industries, L.L.C., Defendants.

Bankruptcy No. 08–11151–TPA. Adversary No. 12–1057–TPA.

United States Bankruptcy Court, W.D. Pennsylvania.

Oct. 22, 2012.

Robert Varsek, Rosen Rosen Bloom & Varsek, Oil City, PA, for Plaintiff.

Lawrence C. Bolla, Quinn Buseck Leemhuis Toohey & Kroto Inc., Erie, PA, for Defendants.

## MEMORANDUM ORDER

THOMAS P. AGRESTI, Chief Judge.

On July 17, 2012, the Defendants filed a *Motion for Payment of Attorney Fees* ("Motion"), Doc. No. 34. On July 20, 2012, the Plaintiff filed a *Response* to the *Motion,* Doc. No. 35. Some preliminary rulings on the *Motion* were made in an Order dated September 17, 2012, and an evidentiary hearing as to the remaining issues on the *Motion* was held on October 17, 2012. Both sides were given a full opportunity to present their cases at that time.

The Defendants submitted a number of Exhibits and offered testimony from three (3) witnesses: Steven Eakin ("Steven") and Attorney Robert Varsek, both as-on-cross, and Robert Eakin ("Robert"). Plaintiff, who was acting *pro se* at this hearing,[1] presented narrative testimony from himself. Relevant portions of this testimony will be discussed herein as necessary. After hearing and considering the evidence presented, the Court concludes that the *Motion* should be granted in that *Fed.R.Bankr.P. 9011* was violated by Steven, but that no further sanction beyond what has already occurred will be imposed.[2]

### Factual and Procedural Background

The *Motion* relates to an unfortunate intra-family dispute between two brothers, Robert and Steven, that has spilled over into the bankruptcy system. The Debtor in this case, Eakin Brothers, Inc., was a corporation that was owned 50% by each of the two brothers. Eakin Brothers, Inc. was the subject of an involuntary Chapter 7 bankruptcy petition that was filed on June 17, 2008 by Robert and Shawn Eakin. An answer to the involuntary petition was filed, and an order for relief was entered on August 25, 2008, with a Chapter 7 Trustee being appointed the following day.

On January 26, 2010, Robert, over the objection of Steven, was confirmed as the high bidder and successful buyer of all of the assets of the Debtor, with certain listed exceptions, for $400,000. Specifically included in the sale was "Eakin Brothers, Inc v. Robert C. Eakin–Claim by Steven G. Eakin, individually, derivatively on behalf of corporation." See Sale Order of January 26, 2010 ("Sale Order"), Doc. No. 99 in the main case at page 3. On March 10, 2010 a Report of Sale was filed by the Trustee indicating that the closing on the sale occurred on March 8, 2010. The Eakin Brothers, Inc. bankruptcy case was closed on April 6, 2011.

On April 13, 2012, Attorney Varsek, acting on behalf of Steven, filed a 10–count *Complaint* against Robert and Eakin Industries, LLC (an entity which the Court understands to be owned by Robert) in the

---

**1.** Steven has been represented by Attorney Robert Varsek in this matter. However, prior to the evidentiary hearing the Defendants identified Attorney Varsek as a witness they intended to call at the hearing. The Court advised Attorney Varsek that he would need to have another attorney present at the hearing in case he was called as a witness, but he failed to do that without good explanation. As a result, the Court did not permit Attorney Varsek to act as attorney for Steven at the evidentiary hearing, leaving Steven to act *pro se* because Attorney Varsek was called as a witness. Steven did a very commendable job in that capacity and suffered no prejudice whatsoever in not having an attorney represent him at the hearing.

**2.** The Court's jurisdiction under *28 U.S.C. § 1334* has not been placed in issue. This is a core proceeding pursuant to *28 U.S.C. § 157(b)(2)(A).*

Venango County Court of Common Pleas at Civ. No. 63–2012. The *Complaint* included a mix of claims brought by Steven individually, and claims which he purported to bring derivatively on behalf of Eakin Brothers, Inc. Robert responded by moving to reopen the bankruptcy case and filing a Notice of Removal of the *Complaint* to this Court, where it was docketed at the within adversary proceeding number on May 14, 2012. Robert also quickly filed a motion to dismiss the *Complaint* on May 17, 2012 and an extensive supporting brief on May 24, 2012. In a nutshell, the motion to dismiss argued that the *Complaint* should be dismissed because the claims set forth in it had been purchased by Robert pursuant to the *Sale Order*, or alternatively, belong to the Eakin Brothers, Inc. bankruptcy estate or were otherwise previously decided as part of the bankruptcy case. A hearing on the motion to dismiss was scheduled for June 21, 2012.

In the meantime, outside the Court setting, Counsel for Robert also sent a letter to Attorney Varsek dated June 6, 2012, which stated that there was no "factual, legal or evidentiary" support for the *Complaint* and made a demand pursuant to *Fed.R.Bankr.P. 9011* for the *Complaint* to be immediately withdrawn. See Defendant Exhibit 23. The letter advised Attorney Varsek that Robert reserved the right to file a motion seeking sanctions if the *Complaint* was not withdrawn within the 21–day safe harbor provided in the *Rule.*

On June 14, 2012 Steven, acting *pro se,*[3] filed a motion seeking to have the complaint remanded to the Venango County court for a number of reasons, along with a supporting brief. Doc. Nos. 19, 20. He also filed a brief in opposition to the motion to dismiss, but no response. See Doc. No. 21. These filings are not entirely clear but it appears that Steven was seeking remand only with respect to the individual claims in the *Complaint,* not the derivative claims. See Doc. No. 20 at 2–3. In the brief he filed in opposition to the motion to dismiss, Steven stated:

> Plaintiff does not seek to rehash already—settled items. Nor is it Plaintiff's intention to litigate issues already settled by this Court. Plaintiff does, however, desire to litigate his individual claims or causes of action against defendants, or one or both of them, which have not heretofore been addressed by this Court or State court.

Doc. No. 21 at 12.

On June 15, 2012, Counsel for Robert sent another letter to Attorney Varsek, this one referring to the *pro se* filings of the previous day by Steven, informing Attorney Varsek that they were not deemed responsive to the demand for a voluntary dismissal contained in the June 6th letter. Defendant Exhibit 24. The letter went on to say that Robert continued to reserve the right to pursue sanctions if the *Complaint* was not withdrawn or dismissed by the June 27th "safe harbor" deadline.

On June 18, 2012, the Court issued an Order at Doc. No. 18 cancelling the previously scheduled June 21, 2012 hearing date on the motion to dismiss, and setting a hearing date of July 12, 2012 for both the motion to dismiss and the motion to remand. The Court also noted in this Order that, although it had not made any final decision on the matter, preliminarily it appeared that the Defendants had made a

---

**3.** The motion to remand indicated that Steven had an attorney who would represent him in state court, but not in bankruptcy court. The Court takes this to mean that at the time Attorney Varsek had informed Steven that he would not continue to represent him in the case once it had been removed. If that is in fact the case, it is somewhat troubling, but that matter is not presently before the Court.

strong argument that at least the derivative claims should be dismissed since they had been sold to Robert in the bankruptcy and that they would in all likelihood be dismissed unless Steven filed a response to the motion to dismiss convincing the Court otherwise. Steven was given until July 2, 2012 to file a response to the motion to dismiss.

The June 27th safe harbor deadline passed with no attempted withdrawal of the complaint by Steven. On July 2, 2012, however, a Notice of Voluntary Dismissal was filed stating that the *Complaint* was being voluntarily dismissed pursuant to *Fed.R.Civ.P. 41(a)(1)(i)* and *Fed. R.Bankr.P. 7041* because no answer or motion for summary judgment had yet been filed. See Doc. No. 29. This document was signed by both Steven as "Plaintiff pro se", and by Attorney Varsek as "Counsel for Plaintiff (on all derivative claims)."

The Court issued two Orders on July 5, 2012, in response to the Notice of Voluntary Dismissal. The first Order did several things. It recognized Steven's right to voluntarily dismiss the *Complaint* under *Rule 41(a)(1)(i)* without the consent of the Defendants or the approval of the Court. It also found that the Court would continue to retain jurisdiction in the matter in order to resolve any outstanding collateral issues associated with the case. In that regard, this Court noted that the motion to dismiss filed by the Defendants included a request for attorney fees, something that might fall within that jurisdiction. The Defendants were therefore given until July 17, 2012, to file an appropriate motion. The Order also directed Steven to file a statement on or before July 17th setting forth his position as to whether the dismissal was with or without prejudice. Finally, the Order deemed Attorney Varsek as having entered his appearance in the

case and stated that he would be treated as counsel of record for Steven. The second Order issued on July 5, 2012 denied the motion to remand as moot.

On July 10, 2012, Steven and Attorney Varsek filed an Amended Notice of Voluntary Dismissal stating that the dismissal of the *Complaint* was with prejudice. On July 17, 2012, the Defendants filed the *Motion* presently under consideration. It seeks attorney fees or other sanctions against Steven pursuant to *Fed.R.Civ.P. 54(d)(2)(B)*, incorporated by *Fed. R.Bankr.P. 7054*, and *Fed.R. Civ.P. 11(c)*, as incorporated by *Fed.R.Bankr.P. 9011*. In general terms, the *Motion* alleges that the *Complaint* was baseless and caused the Defendants to expend a significant amount in attorney fees to defend it. Steven filed a response to the *Motion* on July 30, 2012.

***Discussion***

As indicated above, the Court has already effectively made a partial ruling on the *Motion* in its September 17, 2012 Order, Doc. No. 48, following a pretrial status conference held that date. That Order, of course, speaks for itself, but can be briefly summarized as providing, *inter alia,* that: (1) No attorney fees would be awarded in this case pursuant to *Rule 7054* ; (2) No sanction would be imposed pursuant to the Court's inherent authority to sanction; (3) Steven was subject to the possibility of a sanction pursuant to *Rule 9011* even though the *Complaint* was initially filed in state court because he failed to withdraw it within the 21–day safe harbor period after it was removed to this Court; (4) Defendants would not automatically be entitled to an award of all of their attorney fees even if they proved a violation of *Rule 9011* by Steven; and, (5) The *Sale Order* unambiguously included the derivative claims which Steven was pursuing in the *Complaint.* The Court further noted in

the Order that there were "pitfalls" for both sides going forward and suggested that it might be in their best interests to try to come to some kind of settlement before the hearing, but that did not happen.

Having now heard the evidence presented by the Parties, the Court can rule on the remainder of the *Motion.* As an initial matter, the Court finds that Steven violated *Rule 9011(b).*

■ It is clear to the Court that, at the very least, Steven lacked any colorable standing to pursue any of the derivative claims on behalf of Eakin Brother, Inc. as set forth in the *Complaint* because such claims had been sold by the Eakin Brothers, Inc. bankruptcy Trustee to Robert pursuant to the *Sale Order.* Furthermore, it was undisputed that Steven was an active participant in the bankruptcy case and was well aware of the *Sale Order,* eliminating any possibility of ignorance as a possible defense.[4] And in any event, regarding that, *see e.g., Acevedo v. Monsignor Donovan High Sch.,* 2006 WL 2594877 (D.N.J. 2006) (an "empty head, pure heart" excuse cannot be used as a justification for a frivolous filing). There may well be additional reasons why pursuit of claims in the *Complaint* were foreclosed by the *Sale Order,* or by other events occurring in the Eakin Brothers, Inc. bankruptcy case, but the Court need not make that determination here.[5] The fact that Steve had no grounds for bringing the derivative claims

because they had been sold to Robert is more than sufficient to convince the Court that the *Complaint* violated *Rule 9011(b)(2), (3),* and possibly *(1).*

■ A violation of *Rule 9011(b)* is not, however, of itself a sufficient basis for an award of sanctions. As alluded to above several times, *Rule 9011* now includes a 21–day safe harbor designed to give the offending party an opportunity to withdraw the objectionable document without penalty. The Court concludes that the Defendants followed the proper safe-harbor procedure as required by *Rule 9011(c).* Even though the Rule seems to indicate that the proposed sanction motion must itself be provided to the offending party at least 21 days before the motion is presented to the court, this has been construed in some venues to allow for a letter to be sent informing the party that a motion will be filed if the document is not withdrawn. *See, e.g. In re Olick,* 466 B.R. 680 (E.D.Pa. 2011). *But see, e.g., Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.,* 682 F.3d 170 (2d Cir.2012) (an informal warning in the form of a letter without service of a separate *Rule 11* motion is not sufficient to trigger the 21–day safe harbor period). In this case, the Court will assume that the June 6, 2012 letter to Attorney Varsek was sufficient notice under *Rule 9011(c)* to trigger the start of the safe harbor since it expressly states that the safe harbor period was being invoked and that a motion for sanctions could be filed if the *Complaint* was

---

**4.** The Court must point out that Attorney Varsek testified at the hearing that he was also aware of the *Sale Order* and that he understood it included a sale of derivative actions. It is troubling to the Court that Attorney Varsek nevertheless went ahead and filed the *Complaint* in the Venango County Court on behalf of Steven. Counsel for the Defendants indicated at the hearing, however, that only Steven was a target for sanctions, so the Court will not further consider whether any

sanction might be appropriate against Attorney Varsek for his actions.

**5.** The Defendants also argued at the hearing that the Complaint included false factual allegations as to property of the estate of the deceased mother of Robert and Steven. Even assuming that to be correct, it does not change the Court's conclusion as to an appropriate sanction.

not withdrawn in the applicable time. The June 15, 2012 letter only reinforced the notice and explicitly referred to the "June 27th 'safe harbor' deadline." Finally, Steven has never contended that he did not receive proper notice under *Rule 9011(c)* before the *Motion* was filed.

Steven was therefore required to act to withdraw the *Complaint*, or at least those parts of it that lacked any legal basis, on or before June 27, 2012, which he failed to do. The Court finds that *Rule 9011* was violated and the violation was not corrected within the safe harbor. Having found as much, the Court now turns to the question of whether any sanction should be imposed, and if so, what an appropriate sanction would be.

■ The Court is guided in answering that question by a well-developed body of case law under *Rule 11/9011*. Sanctions under these rules are warranted only in exceptional circumstances, where the claim is patently unmeritorious or frivolous. *Ford Motor Co. v. Summit Motor Prods., Inc.*, 930 F.2d 277, 289 (3d Cir.1991). If a sanction is appropriate, the Court is to consider a wide range of alternative sanctions and select the least severe measure needed to vindicate the Rule's primary purpose, which is deterrence. *Soo San Choi v. D'Appolonia*, 252 F.R.D. 266, 267 (W.D.Pa.2008). The Court's decision is to be guided by equitable considerations, chief among them being the violator's ability to pay. *Id.* Mitigating factors are also to be considered, including the violator's history of filing frivolous actions, the opposing party's need for compensation, the degree of frivolousness involved, and whether the frivolousness also indicated that a less sophisticated or expensive response by the other party was required. *Id.* at 267–68.

In the present case, the Defendants have taken the position that the Court should impose as a sanction the attorney fees incurred by the Defendants as a result of the frivolous filing. They originally sought an award of $24,521.46, that being the attorney fees and costs charged by Defendants' Counsel from the inception of the *Complaint* filed in Venango County through the end of July 2012. However, the Court previously made clear in its September 17th Order that any possible award of attorney fees would be limited to only those incurred after the safe harbor letter was sent on June 6, 2012. At the evidentiary hearing the Defendants introduced an exhibit showing that the fees during this period of time totaled $8,920. Defendants' Exhibit 41.

■ An award of attorney fees as a *Rule 9011* sanction presents special considerations because the Rule's primary purpose is not fee-shifting but rather correction of litigation abuse. *See, Doering v. Union County Board of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir.1988). Fee-shifting is "but one of several methods" of achieving the goals of the *Rule* and the Court's choice of a sanction is appropriate when it is the minimum that will serve to adequately deter the undesirable behavior. *Id.*

■ For a number of reasons, the Court concludes that an award of attorney fees as sought by the Defendants is not an appropriate sanction in this case. First, and perhaps of most significance, Steven has already been effectively sanctioned by his voluntary dismissal, with prejudice, of *all* claims in the *Complaint*, not just those that were barred by the *Sale Order* or otherwise precluded by the Eakin Brothers, Inc. bankruptcy. In that regard, even the Defendants do not seem to dispute that Steven has voluntarily dismissed claims that, whatever their ultimate merit, did not have to be dismissed to meet *Rule*

*9011* standards. Steven has thus paid a price by voluntarily abandoning claims he could have continued to maintain had he chosen to do so.

Second, although the dismissal by Stephen occurred after the safe harbor period had expired, it was only by a matter of a few days. Indeed, although Steven has not chosen to make it, there is an argument that the dismissal was actually timely under the 21–day safe harbor since, if 3–days were added to the June 6th letter due to service by mail (see *Fed.R.Bankr.P. 9006(f)*), the safe harbor period would have expired on June 30th. However, June 30, 2012, was a Saturday, meaning the date for compliance could have been extended to Monday, July 2, 2012, (see *Fed. R.Bankr.P. 9006(a)(1)(C)*), the date of the voluntary dismissal. In any event, even if tardy, the dismissal was not egregiously so.

Third, as indicated above, the Court is required to be guided by equitable considerations, including chiefly the ability of Steven to pay any sanction. Based on the record that was created at the hearing, the Court is compelled to find that Steven has little or no ability to pay a sanction. His uncontradicted testimony, which the Court found to be credible, was that his annual income has been reduced to approximately $25,000, he has less than $100 in his checking account, he owns no motor vehicle, and he is involved in a foreclosure proceeding on his house. He also testified that he has not even paid his own attorney and has no ability to pay attorney fees for the Defendants. Under cross-examination, Steven did acknowledge owning some stock in Century Propeller, Eakin Corporation, and Cranberry Beverage, Inc. Counsel for the Defendants asked Steven if these had "substantial" value, and he agreed they did. However, no effort was made to quantify the value of the stock, and the

Court is not willing to assume a value based on the vague term "substantial." Furthermore, the testimony established that the stock is subject to federal and state tax liens totaling approximately $139,000. The Court must therefore conclude, based on the record before it, that the ability to pay factor strongly weighs against a sanction that would require Steven to pay attorney fees.

Other relevant equitable considerations may be briefly commented upon. There was no evidence presented that Steven has a history of other frivolous filings. While he did file some motions and objections in the Eakin Brothers, Inc. bankruptcy that were denied, they were not shown to be frivolous. Robert did testify that defending against the *Complaint* has been a hardship, but it appears to the Court that much of that was avoidable since the *Rule 9011* remedy could have been invoked immediately upon removal of the case, before any significant legal fees were incurred. Indeed, Pennsylvania state procedure now provides a sanction remedy very similar to *Rule 9011* which could have been invoked by the Defendants without even having to reopen the Eakin Brothers, Inc. bankruptcy and remove the *Complaint* to this Court. See, *Pa.R. Civ.P. 1023.1, et seq.* Had the Defendants done so, substantial legal fees could have potentially been avoided. Finally, although the Court finds that the *Complaint* was frivolous, that conclusion is tempered in several respects.

For one thing, there were non-frivolous claims also included in the *Complaint,* those now also having been dismissed. For another, Steven did consult with Attorney Varsek, who was the person who actually filed the *Complaint.* While that does not insulate Steven from sanctions, it does weigh against a finding of abject frivolity.

The Fourth and final point the Court will make in support of its decision not to award attorney fees as a sanction is the Defendants' failure of proof in that regard. The Defendants only submitted a billing record with the typical time entries to establish the fee they seek. See Defendants' Exhibit 37. They supplemented that at trial by submitting an affidavit to show the amount of the fees that had been incurred after the June 6th letter was sent. See Defendants' Exhibit 41. However, the Defendants provided no testimony as to the reasonableness of the charges or why they were necessary. The starting point for a determination of attorney fees, the so-called lodestar calculation, is the product of the number of hours reasonably expended in responding to the frivolous paper times an hourly fee based on the prevailing market rate. *Lease v. Fishel,* 712 F.Supp.2d 359, 378 (M.D.Pa.2010) (quoting *Doering, supra*). The party seeking fees bears the burden of producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of the services rendered. *Id.* (citing cases). In the present case, even if the Court were otherwise inclined to award attorney fees as a sanction, which it is not, the evidentiary record does not establish that the claimed rates and time expended are reasonable.

For all of the foregoing reasons, the Court finds that the least severe method of accomplishing the purpose of *Rule 9011* does not include an award of attorney fees at this time. The Court believes that Steven has been sufficiently deterred from any future litigation misconduct by the penalty he has already paid in the form of his voluntarily withdrawal of certain non-frivolous claims, with prejudice, as well as by the public chastisement from the Court he has faced in this proceeding. The Court will further bolster that deterrence by providing that Steven will face the consequence of a sanction in the form of a full attorney fee payable to the Defendants if he should ever attempt in the future to pursue any of the claims against the Defendants that have been dismissed with prejudice in this case.

**AND NOW,** this **22nd** day of **October, 2012,** it is **ORDERED, ADJUDGED** and **DECREED** that,

(1) The Court finds that Steven Eakin has violated *Fred.R.Bankr.P. 9011* by his failure to dismiss the Complaint within the safe-harbor period after it had been removed to this Court, but that no further sanction shall be imposed against him except as provided in Paragraph 2.

(2) In the event that Steven ever attempts to pursue any claim against either of the Defendants that he has voluntarily dismissed with prejudice in this action, upon proper motion the Court will require him to pay $24,521.46 as a sanction to the Defendants, in addition to any other sanction the Court may find appropriate.

(3) **On or before October 29, 2012,** Counsel for the Defendants shall electronically file copies of the exhibits that were admitted at the evidentiary hearing.