14-2949
Boies, Schiller & Flexner LLP v. Host Hotels & Resorts, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fifteen.

PRESENT: DENNIS JACOBS,
         RAYMOND J. LOHIER, JR.,
                <u>Circuit Judges</u>,
         PAMELA K. CHEN,
                <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - -X

BOIES, SCHILLER & FLEXNER LLP,
                <u>Appellant</u>,

     -v.-                             14-2949

HOST HOTELS & RESORTS, INC.,
                <u>Appellee</u>.**

- - - - - - - - - - - - - - - - - - - -X

---

     * The Honorable Pamela K. Chen, United States District Judge for the Eastern District of New York, sitting by designation.

     ** The Clerk of Court is respectfully directed to amend the official caption as set forth above.

**FOR APPELLANT:**        DAVID A. BARRETT (with Donald L. Flexner, Boies, Schiller & Flexner LLP, Michael S. Ross, Law Offices of Michael S. Ross, on the brief), Boies, Schiller & Flexner LLP, New York, New York.

**FOR APPELLEE:**         KEVIN J. PERRA (with Richard M. Goldstein, Jordan B. Leader, and Boris Zeldin, on the brief), Proskauer Rose LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (McMahon, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Boies, Schiller & Flexner LLP ("BSF") appeals from the judgment of the United States District Court for the Southern District of New York (McMahon, J.), imposing sanctions against it upon the motion of its former client, Host Hotels & Resorts, Inc. ("Host"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Host moved for sanctions on the grounds that BSF's representation of Madison 92nd Street Associates, LLC ("Madison") presented a clear conflict of interest in light of BSF's earlier, substantially related representation of Host, and that BSF unreasonably refused to withdraw from its representation of Host until faced with a motion to disqualify. The district court agreed, concluding that "[a] clearer conflict of interest cannot be imagined" and that Host was entitled to fees and costs incurred in preparing the motion to disqualify BSF.

Based on Host's assertion of attorney-client privilege, the specifics of the advice implicated by this appeal were placed under seal in the district court and remain so here. If it is arguable that Host waived its privilege by bringing its motion for sanctions, BSF has not pressed that argument. Upon review for abuse of discretion, Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 175 (2d Cir. 2012) (per curiam)--and without endorsing

2

all of the tonalities of the district court's opinion--we affirm for substantially the reasons stated therein.

The district court's findings and review of the record support its conclusion that BSF acted "without a colorable basis" for maintaining it had no conflict of interest until it was faced with the motion to disqualify. Enmon v. Prospect Capital Corp., 675 F.3d 138, 143 (2d Cir. 2011). The court's finding that BSF provided to its outside ethics counsel an unreasonably narrow description of its work for Host is itself sufficiently indicative of bad faith. And the court made other factual findings, including that: BSF accepted the Madison engagement without reviewing its billing records or files pertaining to its prior representation of Host; represented to Host and its outside counsel that it had no conflict before completing its review of its files; filed the Madison complaint before completing its internal document review and production of documents to Host; and, willfully refused to recognize the obvious conflict. See Gollomp v. Spitzer, 568 F.3d 355, 368-74 (2d Cir. 2009) (concluding district court's findings and review of the record supported its conclusion that plaintiff's conduct was "akin to bad faith").

In sum, contrary to BSF's argument, the court concluded BSF's conduct was "far, far worse" than mere negligence. See DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 136 (2d Cir. 1998) ("[T]hese findings [are] sufficiently concise and based on clear evidence so as to amount to the bad faith required to impose sanctions.").

For the foregoing reasons, and finding no merit in BSF's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3