16-1267-cv
*Nat'l Indemnity Co. v. IRB Brasil Reseguros S.A.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand seventeen.

PRESENT:     RALPH K. WINTER,
             JOSÉ A. CABRANES,
             GERARD E. LYNCH,
                          *Circuit Judges.*

---

NATIONAL INDEMNITY CO.,

        *Plaintiff-Appellee,*                    16-1267-cv

        v.

IRB BRASIL RESEGUROS S.A.,

        *Defendant-Appellant,*

---

**FOR PLAINTIFF-APPELLEE:**      Michael A. Knoerzer, Stephen M. Kennedy, Simone R. Bonnet, Clyde & Co. US LLP, New York, NY.

**FOR DEFENDANT-APPELLANT:**      Donald M. Falk, Mayer Brown LLP, Palo Alto, CA; Fred W. Reinke, G. Richard Dodge, Jr., Carl J. Summers, Mayer Brown LLP, Washington, DC.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant IRB Brasil Reseguros S.A. ("IRB") appeals from a March 15, 2016 judgment of the District Court granting Plaintiff-Appellee National Indemnity Co.'s ("NICO") petition to confirm certain arbitration awards and denying IRB's cross-petition to vacate the awards.

Both NICO, a Nebraskan corporation, and IRB, a Brazilian corporation, are in the business of reinsurance. IRB had reinsured a substantial portion of direct insurance policies issued to Companhia Siderurgica Nacional ("CSN"), a Brazilian mining and steelmaking conglomerate. NICO, in turn, provided "retro" coverage to IRB. This case arises out of a series of arbitrations over a seven-year period between NICO and IRB pertaining to the extent of NICO's obligations to reinsure losses suffered by CSN. The arbitration tribunal, composed of two party-appointed arbitrators and one neutral umpire, issued three awards in NICO's favor in January, April, and May of 2015. NICO petitioned the District Court to confirm the awards and IRB cross-petitioned to vacate them. In a lengthy Memorandum and Order of March 10, 2016, the District Court granted NICO's petition and denied IRB's cross-petition.[1] The District Court subsequently entered judgment in favor of NICO on March 15, 2016.

On appeal, IRB contends that the District Court erred in confirming the award because of the conduct of the neutral umpire-arbitrator Daniel Schmidt. First, IRB contends that Schmidt demonstrated "evident partiality" requiring the vacatur of his awards under 9 U.S.C. § 10(a)(2) because (1) in early 2012, he refused to withdraw after IRB objected to his service as a party-arbitrator in another matter on behalf of Equitas Holdings Limited ("Equitas"), an entity that IRB contends is effectively identical to NICO;[2] and (2) he accepted an appointment as Equitas's party-arbitrator in a second arbitration in March of 2015 while the arbitrations in this case were pending.[3]

---

[1] Upon a motion by IRB, the District Court corrected its March 10, 2016 Memorandum and Order on April 14, 2016 to clarify that IRB's then-counsel, not IRB itself, had engaged umpire-arbitrator Daniel Schmidt as an expert witness in another case.

[2] The District Court presumed in its opinion, without making a finding, that NICO and Equitas were affiliates.

[3] Schmidt had accepted his first appointment as Equitas's party-arbitrator from NICO's counsel. His second appointment as Equitas's party-arbitrator in 2015 involved the same parties as his first Equitas appointment, but did not involve the same counsel for Equitas.

2

Second, IRB argues that Schmidt conduct constituted "misbehavior" requiring vacatur under 9 U.S.C. § 10(a)(3). In response to this appeal, NICO seeks attorneys' fees and costs pursuant to Rule 38 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1927.

Reviewing the District Court's findings of fact for clear error and its legal conclusions *de novo*, *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003), we affirm the judgment for the reasons stated by the District Court in its thorough and well-reasoned opinion.

Judicial review of arbitration awards is "severely limited." *Scandinavian Reinsurance Co. Ltd. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir. 2012) (internal quotation marks omitted). Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "Convention"), which applies to this dispute, a court asked to confirm an arbitral award must do so "unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207. Because the awards in this case were rendered in the United States, these grounds include all the express grounds for vacating an award under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*[4] *See Yusuf Ahmed Alghanim & Sons, W.L.L. v. Toys "R" Us, Inc.*, 126 F.3d 15, 22–23 (2d Cir. 1997). As relevant here, the FAA permits vacatur of an arbitral award "where there was evident partiality or corruption in the arbitrators, or either of them," 9 U.S.C. § 10(a)(2), or "where the arbitrators were guilty . . . of any other misbehavior by which the rights of any party have been prejudiced," *id.* § 10(a)(3).

As the District Court explained in its March 10, 2016 Memorandum and Order, Schmidt's work as a party-arbitrator on behalf of Equitas does not amount to "evident partiality" under § 10(a)(2). Notwithstanding NICO's arguments to modify the standard, our case law states that evident partiality is found when "a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007) (emphasis added) (internal quotation marks omitted). Here, even assuming that Equitas is an affiliate of NICO, the District Court correctly noted that IRB does not allege that Schmidt had any familial, business, or employment relationship with NICO or Equitas, or that he had any financial interest in the outcome of his arbitrations. Schmidt's relationships with NICO and Equitas, including his role as a party-arbitrator for Equitas, are professional. Furthermore, Schmidt ultimately voted against Equitas in his party-arbitrator role, and has accepted party-arbitrator appointments "against" other NICO-reinsured parties. Accordingly, considering all of these circumstances, a reasonable person would not have to conclude that Schmidt was partial to NICO.

---

[4] The parties agree that they rely solely on the provisions of the FAA in their efforts to confirm or vacate the awards.

3

We decline to address IRB's argument that Schmidt's conduct amounted to "misbehavior" requiring vacatur under 9 U.S.C. § 10(a)(3) because IRB failed to raise the argument before the District Court. *Millea v. Metro–North R.R. Co.*, 658 F.3d 154, 163 (2d Cir. 2011) ("Arguments raised for the first time on appeal are deemed waived."). This argument was fully available to IRB below and should have been raised during District Court proceedings, not on appeal.

Lastly, we deny NICO's request for attorneys' fees and costs. IRB's arguments are not "frivolous" under Rule 38, *see Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory Ltd.*, 682 F.3d 170, 180 (2d Cir. 2012), and they have not "multiplie[d] the proceedings . . . unreasonably and vexatiously," 28 U.S.C. § 1927.

## CONCLUSION

We have reviewed all of the arguments raised by IRB on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 15, 2016 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4