16-705
*United States, ex rel. Hayes v. Allstate Insurance Company*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007 is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 4th day of April, two thousand seventeen.

Present:     ROBERT A. KATZMANN,
                         *Chief Judge*,
             ROSEMARY S. POOLER,
             GERARD E. LYNCH,
                         *Circuit Judges.*

_____

UNITED STATES OF AMERICA, ex rel.
J. MICHAEL HAYES,

                 *Plaintiff-Appellant*,

        v.                                                            No. 16-705

ALLSTATE INSURANCE COMPANY, DAIMLER CHRYSLER
INSURANCE COMPANY, ERIE INSURANCE COMPANY OF
NEW YORK, ERIE INSURANCE EXCHANGE, INC., ERIE
INDEMNITY COMPANY, FARMERS INSURANCE EXCHANGE,
TRUCK INSURANCE EXCHANGE, FIRE INSURANCE
EXCHANGE, FOREMOST INSURANCE GROUP, GEICO,
INSURANCE, GMAC INSURANCE, KEMPER INDEPENDENCE
INSURANCE COMPANY, LIBERTY MUTUAL INSURANCE
COMPANY, LIBERTY MUTUAL GROUP, LIBERTY MUTUAL
HOLDING COMPANY, INC., METROPOLITAN GROUP
PROPERTY AND CASUALTY INSURANCE COMPANY,
METROPOLITAN PROPERTY AND CASUALTY INSURANCE
COMPANY, NATIONWIDE GENERAL INSURANCE COMPANY,
NATIONWIDE FINANCIAL SERVICES INCORPORATED,

1

NATIONWIDE MUTUAL INSURANCE COMPANY, NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, PREFERRED MUTUAL INSURANCE COMPANY, PROGRESSIVE INSURANCE COMPANY, THE PROGRESSIVE CORPORATION, INC., REPUBLIC - FRANKLIN INSURANCE COMPANY, UTICA MUTUAL INSURANCE COMPANY, GRAPHICS ARTS MUTUAL INSURANCE COMPANY, UTICA NATIONAL INSURANCE COMPANY OF TEXAS, UTICA NATIONAL INSURANCE COMPANY OF OHIO, UTICA NATIONAL ASSURANCE COMPANY, UTICA LLOYD'S OF TEXAS, UTICA SPECIALTY RISK INSURANCE COMPANY, FOUNDERS INSURANCE COMPANY, FOUNDERS INSURANCE COMPANY OF MICHIGAN, UTICA NATIONAL INSURANCE GROUP, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, HARTFORD FINANCIAL SERVICES GROUP, INC., TRAVELERS INSURANCE GROUP HOLDING, INC., TRAVELERS PROPERTY CASUALTY CORPORATION, THE TRAVELERS COMPANIES, INC., ZURICH NORTH AMERICA, FEDEX CORPORATION, FEDEX EXPRESS, FEDEX GROUND, FEDEX FREIGHT, FEDEX OFFICE, FEDEX CUSTOM CRITICAL, FEDEX TRADE NETWORKS, FEDEX SUPPLY CHAIN SOLUTIONS, FEDEX SERVICES, J.B. HUNT TRANSPORT SERVICES, INCORPORATED, U-HAUL INTERNATIONAL, THE ERIE INSURANCE COMPANY,

*Defendants-Appellees*,

ALLSTATE CORPORATION, CASTLEPOINT NATIONAL INSURANCE COMPANY, SPECIALTY UNDERWRITERS ALLIANCE, INC., TOWER GROUP COMPANIES, MAIDEN HOLDING LTD, KEMPER CORPORATION, MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, NATIONWIDE CORPORATION, NEW YORK STATE INSURANCE RECIPROCAL, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL FINANCIAL, INC., HEARTLAND EXPRESS, INCORPORATED, NATIONWIDE, FARMERS INSURANCE GROUP COMPANIES, FARMERS UNDERWRITERS ASSOCIATION, AIG, BERKSHIRE HATHAWAY INC., NATIONWIDE MUTUAL INSURANCE INTERCOMPANY POOL, NATIONWIDE, ZURICH FINANCIAL SERVICES AG, ZURICH INSURANCE GROUP AG,

*Defendants*.

_____

For: Plaintiff-Appellant United States ex rel.
J. Michael Hayes:

J. MICHAEL HAYES (Peter M. Jasen, Buffalo, NY, *on the brief*).

For: Defendants-Appellees FedEx Corporation, Federal Express Corporation, FedEx Ground Package System Inc., FedEx Freight Corporation, FedEx Office and Print Services, Inc., FedEx Custom Critical, Inc., FedEx Trade Networks, Inc., FedEx Supply Chain Systems, Inc., and FedEx Corporate Services, Inc.:

JOHN W. CAMPBELL, Federal Express Corporation, Memphis, TN.

For: Defendants-Appellees Farmers Insurance Exchange, Truck Insurance Exchange, Fire Insurance Exchange, and Foremost Property and Casualty Insurance Company:

DAVID L. YOHAI (Lori L. Pines and John P. Mastando III, *on the brief*), Weil, Gotshal & Manges LLP, New York, NY.

For: Defendants-Appellees Travelers Insurance Group Holding, Inc., Travelers Property Casualty Corporation, and The Travelers Companies, Inc.:

Bryce L. Friedman, Simpson Thatcher & Bartlett LLP, New York, NY; Deborah L. Stein, Simpson Thatcher & Bartlett LLP, Los Angeles, CA.

For: Defendant-Appellee Hartford Financial Services Group, Inc.:

Jonathan M. Freiman, Wiggin and Dana LLP, New Haven, CT.

For: Defendants-Appellees J.B. Hunt Transport Services Inc., Founders Insurance Company, Founders Insurance Company of Michigan, Graphic Arts Mutual Insurance Company, Republic-Franklin Insurance Company, Utica Mutual Insurance Company, Utica National

3

Insurance Company of Texas, Utica National
Insurance Company of Ohio, Utica National
Assurance Company, Utica Lloyd's of Texas,
Utica Specialty Risk Insurance Company,
and Utica National Insurance Group:

Sharon Angelino, Goldberg Segalla
LLP, Buffalo, NY.

For:   Defendants-Appellants Erie Insurance
Company of New York, Erie Insurance
Exchange, Inc., Erie Indemnity Company,
and The Erie Insurance Company:

Heath J. Szymczak, Bond,
Schoeneck & King, PLLC, Buffalo,
NY.

For:   Defendants-Appellees Allstate Insurance
Company, Allstate Indemnity Company,
Kemper Independence Insurance Company,
Metropolitan Group Property and Casualty
Insurance Company, Metropolitan Property
and Casualty Insurance Company, and
Defendants Kemper Corporation and The
Allstate Corporation:

Steven M. Levy and Alan S. Gilbert,
Dentons US LLP, Chicago IL; Sean
C. Cenawood, Dentons US LLP,
New York, NY; Sharon Angelino,
Goldberg Segalla LLP, Buffalo, NY.

For:   Defendant-Appellee Preferred Mutual
Insurance Company:

Suzanne O. Galbato, Bond,
Schoeneck & King, PLLC, Syracuse,
NY.

For:   Defendants-Appellees Progressive Insurance
Company and The Progressive Corporation,
Inc.:

Terrance M. Connors, Connors LLP,
Buffalo, NY; Michael K. Loucks,
Skadden, Arps, Slate, Meagher &
Flom LLP, Boston, MA.

For:   Defendant-Appellee State Farm Mutual
Automobile Insurance Company:

4

Douglas W. Baruch and Anayansi Rodriquez Carbo, Fried, Frank, Harris, Shriver & Jacobson LLP, Washington, D.C.; Dan David Kohane, Hurwitz & Fine, P.C., Buffalo, NY.

For: Defendant-Appellee Zurich North America:

Michael J. Willett, Gibson, McAskill & Crosby, LLP, Buffalo, NY.

For: Defendants-Appellees Nationwide General Insurance Company, Nationwide Financial Services Incorporated, and Nationwide Mutual Insurance Company:

Stephen Sozio, Jones Day, Cleveland, OH; Matthew Corcoran, Jones Day, Columbus, OH; Mark C. Davis, Lippes Mathias Wexler Friedman LLP, Buffalo, NY.

For: Defendant-Appellee New York Central Mutual Fire Insurance Company:

Eric Dranoff, Saretsky Katz & Dranoff, LLP, New York, NY.

For: Defendant-Appellee CorePointe Insurance Company f/k/a Daimler Chrysler Insurance Company:

Susan L. Swatski, Hill Wallack LLP, Princeton, NJ.

For: Defendant-Appellee Geico, Insurance:

Barry I. Levy, Cheryl F. Korman, Brian L. Bank, Rivkin Radler LLP, Uniondale, NY.

For: Defendants-Appellees Liberty Mutual Insurance Company, Liberty Mutual Group, and Liberty Mutual Holding Company, Inc.:

Kevin J. Fee and Amy C. Gross, Duane Morris LLP, New York, NY: Dennis R. McCoy, Barclay Damon, LLP, Buffalo, NY.

For: Defendant-Appellee U-Haul International:

Kevin M. Hogan, Phillips Lytle LLP, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Skretny, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED,** and **DECREED** that the order of the district court is **AFFIRMED**.

Plaintiff-Appellant J. Michael Hayes, relator in this *qui tam* action, appeals from the February 8, 2016 order and February 9, 2016 judgment of the United States District Court of the Western District of New York (Skretny, *J.*) adopting the Report and Recommendation of the magistrate judge and dismissing Hayes's Amended Complaint with prejudice as to Hayes as a sanction pursuant to Federal Rule of Civil Procedure 11. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[1]

Relator Hayes is an attorney. In this *qui tam* action, Hayes sued over sixty companies, primarily, but not exclusively, liability insurance companies, alleging that they have been systematically noncompliant with certain statutory obligations to reimburse Medicare. Hayes alleged that, through his law practice, he acquired "personal knowledge from conversations with defense counsel, insurance carrier representatives[,] and other attorneys[] of the Defendant insurance companies' company-wide and nationwide failure to notify Medicare of liability case resolutions . . . ." App. 150-51.

After the government declined to intervene and the complaint was unsealed, Hayes filed a motion for expedited discovery. In that motion, Hayes admitted that certain defendants might not have participated in the scheme alleged in the complaint and acknowledged that such defendants

---

[1] We address a challenge to the district court's subject matter jurisdiction, mounted by several of the defendants, in an opinion filed simultaneously with this order.

should be dismissed. After receiving this motion, the magistrate judge called a conference and observed that "repeatedly throughout the amended complaint, the allegation [wa]s that Mr. Hayes ha[d] personal knowledge of this nationwide scheme involving every single defendant." S. App. 21. The magistrate judge further noted that Hayes's motion for expedited discovery "admit[s] . . . that it's possible that some defendants weren't involved." S. App. 22. Due to this inconsistency, the magistrate judge ordered Hayes to show cause as to why he had not violated Federal Rule of Civil Procedure 11 and held several subsequent conferences to discuss the issue.

In the written Report and Recommendation on the Rule 11 violation issued on October 16, 2014, the magistrate judge returned to the allegations in Hayes's complaint, noting that:

> One of those allegations, repeated throughout the Amended Complaint, was that the Relator "has personal knowledge that this scheme [to defraud Medicare] was . . . employed generally and throughout the industry nationally, by *all* the Defendants herein." . . . However, the Relator's subsequent submissions demonstrate beyond question that he did *not* know whether *all* defendants had participated in the alleged scheme . . . . Relator's claim of personal knowledge that all defendants defrauded Medicare, and that they did so whenever they settled claims involving Medicare beneficiaries, fits the definition of subjective bad faith, because he knew that he had no such knowledge as to all defendants or all settlements.

S. App. 111-13 (alterations in original). As a result, the magistrate judge recommended that Hayes's complaint against all defendants be dismissed with prejudice as to Hayes, but without prejudice as to the United States.

Hayes and the defendants submitted objections to the Report and Recommendation, but the district court adopted the magistrate judge's recommendation. The district court observed that "Hayes steadfastly adhered to his disproven allegations that he had personal knowledge that all defendants were engaged in a nationwide scheme to defraud the United States by failing to

7

reimburse Medicare" when "[his] own submissions and statements before the court demonstrate that he does not possess such personal knowledge." S. App. 132. Hayes now appeals.

Federal Rule of Civil Procedure 11(b)(3) provides that "[b]y presenting to the court a pleading, . . . an attorney . . . certifies that to the best of [his] knowledge, information, and belief, . . . the factual contentions have evidentiary support." A court may, *sua sponte*, "order an attorney . . . to show cause why conduct specifically described in the order has not violated Rule 11(b)." Fed R. Civ. P. 11(c)(3). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction." Fed. R. Civ. P. 11(c)(1). A district court must make a finding of bad faith before issuing sanctions *sua sponte*. *See Muhammad v. Walmart Stores E., L.P.*, 732 F.3d 104, 108 (2d Cir. 2013) (per curiam) (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003)). Similarly, the district court must make a finding of "willfulness, bad faith, or fault" before dismissing a complaint as a sanction. *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999).

Hayes now concedes that his claim to have personal knowledge of the involvement of "all" the defendants in the alleged scheme was "incorrect," but contends that this error was not the result of bad faith and thus did not merit the sanction of dismissal. Br. at 22, 24. Whether a litigant "acted . . . in bad faith [is a] question[] of fact, and we review the [d]istrict [c]ourt's determination[]" on that question "for clear error." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) (per curiam). Ordinarily, we review a district court's imposition of Rule 11 sanctions for abuse of discretion. *See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). "We must bear in mind, however, that when the district court is accuser, fact finder and sentencing judge all in one, our review is more

exacting than under the ordinary abuse-of-discretion standard." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 579 F.3d 143, 150 (2d Cir. 2009) (citation and internal quotation marks omitted).

The magistrate judge concluded, and the district court adopted the conclusion, that Hayes's "claim of personal knowledge that all defendants defrauded Medicare . . . fits the definition of subjective bad faith[] because he knew that he had no such knowledge as to all defendants." S. App. 112-13, 132. Hayes's primary argument to the contrary, that he was confused by "corporate complexities," Br. at 25, is different from the explanations for his behavior that he offered to the magistrate judge below. Even if we were to credit Hayes's explanation, confusion about corporate complexities would not justify falsely purporting to have personal knowledge as to more than sixty defendants' involvement in wrongdoing. *Cf. DiRose v. PK Mgmt. Corp.*, 691 F.2d 628, 632 (2d Cir. 1982). In light of the foregoing, the finding of bad faith made by the magistrate judge and district court is not clearly erroneous, even under our "more exacting" standard of review. *Shaar Fund,* 579 F.3d at 150.

Hayes also argues that he should have been granted leave to amend his complaint. "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend may be denied based on bad faith. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). "We review the district court's denial of leave to amend the complaint for abuse of discretion." *Id*. at 169. The magistrate judge concluded Hayes "should not now be allowed to simply walk away from his earlier misrepresentations," and the district court adopted this conclusion. S. App. 118, 132. And insofar as Hayes concedes that some of the defendants may not be proper parties to the case, his proposed Second Amended Complaint does not solve that problem; in fact, the proposed Second

9

Amended Complaint would *add* 38 new defendants. The district court's denial of leave to amend for bad faith based on the foregoing does not constitute an abuse of discretion.

We have considered all of Hayes's remaining arguments and find them without merit. For the reasons given here, as well as those given in the opinion on the district court's subject matter jurisdiction issued simultaneously with this order, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk