17-38-cv, 17-228-cv
Malkan v. Mutua, Ostrove v. U.S. Dist. Ct. for W. Dist. Of N.Y.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 30th day of October, two thousand seventeen.

Present:      RALPH K. WINTER,
             JOHN M. WALKER, JR,
             ROSEMARY S. POOLER.
                    *Circuit Judges*.

_____

JEFFREY MALKAN,
                    *Plaintiff-Appellant,*

                v.                                          17-38

MAKAU W. MUTUA,
                    *Defendant-Appellee*.

_____

FREDERIC D. OSTROVE,
                    *Plaintiff-Appellant,*

                v.                                          17-228

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK,
                    *Defendant-Appellee*.[1]

_____

Appearing for Appellants:      Jeffrey Malkan, *pro se*, St. James, NY.

_____

[1] The clerk is respectfully directed to amend the caption as above.

1

Frederic D. Ostrove, Leeds Brown Law, P.C., *pro se*, Carle Place, N.Y.

Appearing for Appellees:      Jeffrey D. Lang, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Victor Paladino, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY *for* Appellee Makau Mutua.

Appeal from the United States District Court for the Western District of New York (Telesca, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Appellants Jeffrey Malkan and Frederic Ostrove separately appeal from the December 18, 2016 order of the United States District Court for the Western District of New York (Telesca, *J.*), granting summary judgment to Makau Mutua, former dean of the State University of New York at Buffalo Law School, and sanctioning Malkan and Ostrove for moving to sanction the Assistant Attorney Generals representing Mutua. Malkan sued Mutua under 42 U.S.C. § 1983 for violating his Fourteenth Amendment right to due process by failing to extend Malkan's term appointment as a clinical law professor without going through the typical faculty recommendation process. Until this appeal, Ostrove was Malkan's attorney. Malkan appeals both the grant of summary judgment and his verbal sanction. Ostrove appeals only the sanction as applied to him. We consider their appeals in tandem. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review de novo a district court's grant of summary judgment, with the view that summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Sousa v. Marquez*, 702 F.3d 124, 127 (2d Cir. 2012) (internal quotation marks omitted).

The district court correctly granted summary judgment to Mutua. Due process can only be violated if a protected property interest is at issue. *White Plains Towing Corp. v. Patterson*, 991 F.2d 1049, 1061-62 (2d Cir. 1993). "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972) (citing *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). "Mutually explicit understandings" may include a "written contract with an explicit tenure provision" between a professor and state university. *Id*. But "mutual understandings and customs could not create a property interest for purposes of due process when they are contrary to the express provisions of regulations and statutes." *Baden v. Koch*, 638 F.2d 486, 492 (2d Cir. 1980). SUNY regulations cap term appointments at three years and do not "create any manner of legal right, interest or expectancy in any other appointment or renewal." 8 N.Y.C.R.R. § 335.13. None of what Malkan cites—UB School of Law's by-laws, customs, accreditation reports, the American Bar Association's standards, and his contract—overrides that regulatory term. *See Baden*, 638 F.2d at 492 (city charter permitted official's removal and therefore he "could be removed without a prior hearing regardless of any mutual understandings between the

2

individuals involved in the transaction"). As for whether UB School of Law is misrepresenting the employment status of its clinical professors to the American Bar Association, Malkan offers no estoppel argument, and we decline to consider one.

Sanctions under Rule 11, 28 U.S.C. § 1927, and the district court's inherent powers are reviewed for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (internal punctuation and citations omitted).

"A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law." *Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal citations, quotation marks, and emphasis omitted). "The mental state applicable to liability for Rule 11 sanctions initiated by motion is objective unreasonableness, i.e., liability may be imposed if the lawyer's claim to have evidentiary support is not objectively reasonable." *In re Pennie & Edmonds LLP*, 323 F.3d 86, 91 (2d Cir. 2003). Additionally, a court may sanction an attorney who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Sanctions under Section 1927 require a showing that an "attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay," and "a finding of conduct constituting or akin to bad faith." *In re 60 East 80th Street Equities*, 218 F.3d 109, 115 (2d Cir. 2000).

The district court did not exceed its discretion to sanction both Malkan and Ostrove. Malkan's sanctions motion claiming perjury by Mutua, filed by Ostrove, alleged only "[d]ifferences in recollection," which "alone do not add up to perjury." *United States v. Sanchez*, 969 F.2d 1409, 1415 (2d Cir. 1992). The district court, which has firsthand knowledge of the proceedings before it, reasonably found that the motion had no factual or legal basis, and was meant to harass Malkan's adversary.

Ostrove argues that opposing counsel failed to comply with Rule 11's safe harbor provision. Rule 11 provides that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)…[and] must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days." Fed. R. Civ. P. 11(c)(2). "Rule 11(c)(2) requires only the service of '[a] motion' or '[t]he motion' . . . . It does not require the service of a memorandum of law or affidavits, nor does it use the words 'formal fully supported motion.'" *Star Mark Mgmt., Inc. v. Koon Chung Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 176 (2d Cir. 2012). Opposing counsel provided Ostrove with a copy of his notice of motion and their correspondence concerning the sanctions motion Ostrove had filed. *Cf.* Malkan's App'x 72; 0356–59. That sufficed.

As well, Ostrove challenges the finding that he acted in bad faith. A bad faith claim is "motivated by improper purposes such as harassment or delay." *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143 (2d Cir. 2012). The district court had the discretion to find that Malkan's sanctions motion was frivolous, and filed only to harass Mutua, "needlessly increase the costs of this litigation, and unduly burden the court." Malkan's App'x 88. Moreover, in finding bad faith, the magistrate judge observed (and the district court agreed) that Ostrove was reckless; he cited cases that undermined his own arguments as well as bad law. *Id.* at 89. Finally, the magistrate judge separately considered the conduct of Malkan and Ostrove and recommended different penalties. *Id.* at 91.

We have considered the remainder of Appellants' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4