*AJ Energy LLC v. Woori Bank*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty.

PRESENT:    DENNIS JACOBS,
            PIERRE N. LEVAL,
            JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

AJ Energy LLC,

       *Plaintiff-Appellant*,

       v.                     19-3532

Woori Bank,

       *Defendant-Appellee*,

Does 1 through 50, inclusive, Woori America Bank,

       *Defendants*.

_____

For Plaintiff-Appellant:            RUTH CAM, The Law Office of Ruth Cam, Santa Ana, CA.

For Defendant-Appellee:            JEFFREY S. GEIER (Lance A. Etcheverry, Palo Alto, CA, *on the brief*), Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Furman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED**.

Plaintiff AJ Energy LLC ("AJ Energy") appeals from a September 27, 2019 amended order of the district court granting Defendant Woori Bank's motion to dismiss the amended complaint and motion for sanctions. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

As set forth below, we affirm the dismissal of the amended complaint and award of sanctions for substantially the same reasons articulated by the district court in its thorough and well-reasoned decision.

### I.    Motion to Dismiss

This Court reviews a district court's grant of a motion to dismiss *de novo*. *Kolbasyuk v. Capital Mgmt. Servs.*, 918 F.3d 236, 239 (2d Cir. 2019). To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a). A district court, however, need not credit conclusory allegations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), nor suspend common sense when analyzing the complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). "A court may dismiss a claim as 'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)). In doing so, a court may dismiss claims that are

"implausible in light of factual allegations in the pleading itself." *Krys v. Pigott*, 749 F.3d 117, 133 (2d Cir. 2014).

Here, AJ Energy's allegations—which include claims of fraud, negligent misrepresentation, conversion, breach of contract, and unjust enrichment—were frivolous and fanciful on their face in numerous ways. As an initial matter, it is highly implausible that, after having three billion euros stolen by Woori Bank, AJ Energy then arranged for another five billion euros to be transferred to the same bank, only to have the funds again stolen by it. Moreover, in support of these implausible allegations, AJ Energy attached exhibits to its amended complaint that were rife with internal inconsistencies and other indicia of fraud. Put simply, the district court was correct to dismiss AJ Energy's fanciful claims where the only support allegedly documenting two multi-billion-euro transfers consisted of suspect exhibits that were internally inconsistent and defied common sense. The implausible and frivolous nature of the lawsuit was apparent based on the face of the amended complaint.

## II. Motion for Sanctions

This Court reviews the district court's imposition of sanctions under Rule 11 of the Federal Rules of Civil Procedure for abuse of discretion. *See Star Mark Mgmt. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012). Under Rule 11(b), the presentation of a "pleading, written motion, or other paper" to a federal court "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," among other things, "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery," and the pleading, motion, or paper "is not being presented for

any improper purpose." Fed. R. Civ. P. 11(b)(1), (b)(3).

The district court granted Woori Bank's motion for sanctions and, accordingly, dismissed the complaint with prejudice and required AJ Energy and its counsel, Ruth Cam, to pay Woori Bank's fees and costs associated with briefing its Rule 12(b)(6) and Rule 11 motions. In its opening brief, AJ Energy devotes a total of five sentences to the district court's sanctions order, arguing in conclusory fashion that the district court was "completely confused" and that AJ Energy did "not in any way violate[] Rule 11." Appellant's Br. at 25-26. Even assuming such argument is sufficient to raise the issue for appeal, AJ Energy and its counsel fail to demonstrate how the district court abused its discretion in imposing sanctions.

We have emphasized that Rule 11 "explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading before it is signed." *Gutierrez v. Fox*, 141 F.3d 425, 427 (2d Cir. 1998) (quotation marks omitted). Moreover, "a litigant's obligations with respect to the contents of . . . papers are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit." Fed. R. Civ. P. 11(b)-(c) Advisory Committee's Note (1993).

Here, the district court noted that it "would be on firm ground imposing sanctions if all it had to go on were the [amended complaint] and its attachments," given that the frivolous nature of the lawsuit was abundantly clear based on those allegations and documents alone. App'x at 192. However, in imposing sanctions, the district court explained that it was relying on additional documents submitted during the litigation that confirmed the frivolous and fraudulent nature of AJ Energy's allegations and documentation:

4

> [The Court] now has the benefit of an expanded record, which includes multiple affidavits from representatives of Deutsche Bank unequivocally denying the existence of the transfers or the "common account" at the heart of the alleged transactions and, more importantly, the Sewing affidavit submitted by AJ Energy, which is almost certainly a forgery. Nor is it a particularly good forgery. As Woori Bank and the Frankfurt Regional Court point out, the affidavit "bears numerous indicia of inauthenticity on its face," from "formatting and syntax errors" that are almost unimaginable in an affidavit from "a major international bank's CEO," to various irregularities in the apostille, to the fact that the first and last pages of the affidavit appear to be bound using red ribbon through three holes with grommets but the three holes are not visible on the other scanned pages.

App'x at 192. Therefore, the district court concluded "even if AJ Energy and its counsel had an objectively reasonable basis to file this lawsuit in the first instance, sanctions would be warranted based on their persistence in the face of evidence that their allegations were 'utterly lacking in support.'" App'x at 194 (quoting *StreetEasy, Inc. v. Chertok*, 752 F.3d 298, 307 (2d Cir. 2014)).

These findings were well supported by the record and, in light of those findings, the district court did not abuse its discretion in sanctioning AJ Energy and its counsel, and requiring them to pay Woori Bank's fees and costs in connection with the briefing of the Rule 12(b)(6) and Rule 11 motions.

* * *

We have considered all of AJ Energy's remaining arguments and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5