22-1920-bk
*In re Buczek*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of October, two thousand twenty-three.

PRESENT: Guido Calabresi,
Steven J. Menashi,
Myrna Pérez,
*Circuit Judges.*

_____

IN RE: SHANE CHRISTOPHER BUCZEK,

    *Debtor.*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

SHANE CHRISTOPHER BUCZEK,

    *Debtor-Appellant*,

    v.                            No. 22-1920-bk

NATIONSTAR MORTGAGE LLC, DBA MR. COOPER,

*Appellee.*

_____

| | |
|---|---|
| *For Debtor-Appellant*: | SHANE CHRISTOPHER BUCZEK, *pro se*, Amherst, NY. |
| *For Appellee*: | ROBERT W. GRISWOLD, LOGS Legal Group, LLP, Rochester, NY. |

Appeal from a judgment of the United States District Court for the Western District of New York (Sinatra, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Shane Christopher Buczek, proceeding *pro se*, filed for Chapter 13 bankruptcy; Nationstar Mortgage LLC moved for relief from the automatic stay in relation to a property located in Derby, NY. After extended litigation in bankruptcy court and dismissal of the bankruptcy case, Buczek moved for sanctions against Nationstar, asserting that Nationstar lacked standing to be heard in bankruptcy court and that he had obtained an arbitration award against it. Nationstar opposed the motion, arguing that it never consented to arbitration and that the standing issue had been settled in prior litigation. Nationstar cross-moved for a filing injunction. The bankruptcy court determined that the arbitration award was invalid, denied Buczek's sanctions motion, and imposed a filing injunction against Buczek. Buczek appealed to the district court, which affirmed, concluding that the bankruptcy court had not abused its discretion.

We have jurisdiction pursuant to 28 U.S.C. § 158(d) to review the final judgment of a district court reviewing a bankruptcy court decision. Because the district courts in this context "operate as appellate courts, we engage in plenary,

2

or de novo, review of the district court decision" and "apply the same standard of review employed by the district court to the decision of the bankruptcy court." *Anderson v. Credit One Bank, N.A. (In re Anderson)*, 884 F.3d 382, 387 (2d Cir. 2018). "Accordingly, we review the bankruptcy court's findings of fact for clear error and its legal determinations de novo." *Id.* We assume the parties' familiarity with the facts, procedural history, and issues on appeal.

## I

As an initial matter, Buczek has forfeited any challenge to the district court's order by failing to explain what was erroneous about its decision. We "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), but *pro se* litigants must still comply with Federal Rule of Appellate Procedure 28(a), which "requires appellants in their briefs to provide the court with a clear statement of the issues on appeal," *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998). We "normally will not[] decide issues that a party fails to raise in his or her appellate brief." *Id.* Nor will we decide issues that a *pro se* appellant raises in his brief only "in passing." *Gerstenbluth v. Credit Suisse Secs. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013).

Although Buczek objects to the proceedings, his brief does not address the merits of the bankruptcy court's determination that the arbitration agreement was neither valid nor enforceable. Buczek's brief also does not address the denial of his sanctions motion and the grant of Nationstar's motion for a filing injunction. Buczek titles a section of his brief "Is it fair to grant[] sanctions against [a] pro se homeowner to save the family private property based on fraud by the Appellee," but he does not argue that the imposition of the filing injunction was erroneous. Appellant's Br. 33. Accordingly, his challenges to the underlying merits of the district court's ruling concerning the sanctions motion and motion for a filing injunction are forfeited. *See Gerstenbluth*, 728 F.3d at 142 n.4. However, even if

3

Buczek had properly challenged the district court decisions on the merits, we still would affirm for the reasons stated below.

## II

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quoting *United Steelworkers of Am. v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)); *see also Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) ("[A]rbitration is simply a matter of contract between the parties.") (quoting *Wachovia Bank, Nat. Ass'n v. VCG Special Opportunities Master Fund, Ltd.*, 661 F.3d 164, 171 (2d Cir. 2011)). "When deciding whether the parties agreed to arbitrate a certain matter (including arbitrability), courts generally … should apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995); *see also Nicosia*, 834 F.3d at 229 ("The threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles.").

In New York, "[t]o establish the existence of an enforceable agreement, a plaintiff must establish an offer, acceptance of the offer, consideration, mutual assent, and an intent to be bound." *Kowalchuk v. Stroup*, 873 N.Y.S.2d 43, 46 (1st Dep't 2009).[1] "In determining whether the parties intended to enter a contract, and the nature of the contract's material terms, [courts] look to the objective manifestations of the intent of the parties as gathered by their expressed words

---

[1] The district court relied on New York law in reviewing the bankruptcy court's decision. Although the arbitration occurred in Pennsylvania, no party suggests that the analysis would be different under Pennsylvania law. In Pennsylvania, "the test for enforceability of an agreement is whether both parties have manifested an intention to be bound by its terms and whether the terms are sufficiently definite to be specifically enforced." *ATACS Corp. v. Trans World Commc'ns, Inc.*, 155 F.3d 659, 665 (3d Cir. 1998) (quoting *Channel Home Ctrs. v. Grossman*, 795 F.2d 291, 298-99 (3d Cir. 1986)).

and deeds." *Stonehill Capital Mgmt., LLC v. Bank of the W.*, 28 N.Y.3d 439, 448-49 (2016) (internal quotation marks omitted).

Here, Buczek did not establish that he and Nationstar entered into a consensual agreement to arbitrate. He merely presented evidence that he mailed Nationstar documents related to the arbitration. Nationstar did not respond to Buczek's mailings. Silence in response to an offer is not acceptance. *See Karlin v. Avis*, 457 F.2d 57, 62 (2d Cir. 1972) ("An offeror has no power to transform an offeree's silence into acceptance when the offeree does not intend to accept the offer.") (citing *Albrecht Chem. Co. v. Anderson Trading Corp.*, 298 N.Y. 437, 440 (1949)). Therefore, there was no valid agreement to arbitrate. The bankruptcy court correctly determined that the arbitration award was invalid.

### III

Decisions on sanctions requested under Federal Bankruptcy Rule of Procedure 9011 and Federal Rule of Civil Procedure 11 are reviewed for abuse of discretion. *See Baker v. Latham Sparrowbush Assocs.* (*In re Cohoes Indus. Terminal, Inc.*), 931 F.2d 222, 227 (2d Cir. 1991). An abuse of discretion occurs when a court bases a ruling "on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or renders a decision that cannot be located within the range of permissible decisions." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 175 (2d Cir. 2012) (alteration omitted) (quoting *Kiobel v. Millson*, 592 F.3d 78, 81 (2d Cir. 2010)).

Sanctions under Rule 9011 are imposed when "an attorney has submitted a claim that has no chance of success under existing precedents and that fails to advance a 'reasonable argument to extend, modify or reverse the law as it stands.'" *In re Cohoes Indus. Terminal, Inc.*, 931 F.2d at 227 (quoting *Mareno v. Rowe*, 910 F.2d 1043, 1047 (2d Cir. 1990)). Similarly,

> [a] pleading, motion or other paper violates Rule 11 either when it has
> been interposed for any improper purpose, or where, after reasonable
> inquiry, a competent attorney could not form a reasonable belief that

the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.

*Kropelnicki v. Siegel*, 290 F.3d 118, 131 (2d Cir. 2002) (internal quotation marks and emphasis omitted) (quoting *W.K. Webster & Co. v. Am. President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir. 1994)).

The bankruptcy court did not abuse its discretion when it denied Buczek's motion for sanctions, which reiterated two grounds for sanctions that the bankruptcy court had already rejected and raised one new ground. The bankruptcy court had already rejected an earlier sanctions motion premised on the idea that Nationstar lacked standing to be heard by the bankruptcy court due to its allegedly fraudulent proof of claim and its status as a "disinterested" party. Because the bankruptcy court had determined that Nationstar had standing on both fronts, it did not abuse its discretion when it rejected a second motion for the same reason. Nor did the bankruptcy court abuse its discretion by declining to sanction Nationstar for refusing to accept the arbitration award. As discussed above, the finding that the arbitration was invalid was supported by the record.

**IV**

The bankruptcy court also did not err by issuing a filing injunction. "Section 105(a) of the Bankruptcy Code gives the court equitable power to 'issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.'" *New Eng. Dairies Inc. v. Dairy Mart Convenience Stores, Inc. (In re Dairy Mart Convenience Stores, Inc.)*, 351 F.3d 86, 91-92 (2d Cir. 2003) (quoting 11 U.S.C. § 105(a)). It also permits the bankruptcy court to take any action "necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a). Thus, a bankruptcy court has the power to issue a filing injunction so long as it does so in accordance with the bankruptcy code. *See In re Dairy Mart Convenience Stores, Inc.*, 351 F.3d at 92. Sanctions, such as a filing

injunction, are reviewed for abuse of discretion. *See Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

To determine whether to impose a filing injunction, courts should consider the following factors:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). "Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process." *Id.*

In this case, the bankruptcy court did not explicitly address the *Safir* factors. But, as the district court explained, the bankruptcy court's decision to issue the injunction was "consistent with the [*Safir*] factors." Decision and Order at 21, *Buczek v. Nationstar*, No. 20-CV-1445 (W.D.N.Y. Jul. 29, 2022). The bankruptcy court considered the nature of Buczek's filings, including that *res judicata* barred his claims and that the claims had been repeated in both bankruptcy and state court. Because the bankruptcy court had already determined that the arbitration award was invalid, Buczek did not have a good faith basis to pursue his claims regarding arbitration. Finally, because the underlying bankruptcy case had already been dismissed, further filings would be duplicative. Because the bankruptcy court appropriately considered the relevant factors, it did not abuse its discretion by imposing a filing injunction.

\*    \*    \*

We have considered Buczek's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court