DePasquale v. DePasquale

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand fourteen.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> JOSÉ A. CABRANES,
> > *Circuit Judges.*

_____

Vincent DePasquale,

> > *Plaintiff-Appellant*,

> v.                                                                    13-3274

Daniel DePasquale, Pension Design Services, Inc.,

> > *Defendants-Appellees.*

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | VINCENT DEPASQUALE, *pro se*, Rahway, NJ. |
| **FOR DEFENDANTS-APPELLEES:** | MARK D. LEFKOWITZ, Schwartz & Silverstein, LLP, New City, NY, *for* Appellee Daniel DePasquale; Scott A. Schechter, Sergio Alves, Kaufman, Borgeest & Ryan LLP, Valhalla, NY, *for* Appellee Pension Design Services, Inc. |

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order are **AFFIRMED**.

Plaintiff-Appellant Vincent DePasquale, proceeding *pro se*, filed suit on May 21, 2012 against his uncle, Daniel DePasquale, a trustee of Debro Manufacturing Corporation's pension plan, and against Pension Design Services, Inc. ("PDS"), alleging numerous violations of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001–1461.[1]  In a judgment entered March 1, 2013, the District Court granted defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6), holding that the claim was time-barred.  In a Memorandum and Order entered August 5, 2013, the District Court denied plaintiff's motion for reconsideration and motion to amend the complaint.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a district court's grant of a motion to dismiss, including "legal conclusions" concerning the court's "interpretation and application of a statute of limitations." *See City of Pontiac Gen. Emps.' Ret. Sys. v. MBIA, Inc.*, 637 F.3d 169, 173 (2d Cir. 2011).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  We review denial of motions for reconsideration and for leave to amend for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011) (denial of Rule 60(b) motion for reconsideration); *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007) (denial of leave to amend).

Upon a review of the record, we agree with the District Court's conclusions, for substantially the reasons stated in its thorough and well-reasoned orders.  Accordingly, the judgment and order of the district court are **AFFIRMED**.

---

[1] Vincent DePasquale was represented by counsel in the District Court, and counsel filed his appellate brief.  He terminated counsel before filing his reply brief and presently proceeds *pro se*.

2

We **DENY** Daniel DePasquale's request for sanctions on the merits, and also as improperly raised in his appellate brief rather than in a separately filed motion as required by Federal Rule of Appellate Procedure 38. *See Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir. 2003) (denying request for Rule 38 sanctions raised in appellee's brief where no separately filed motion had been submitted). We generally impose such sanctions only in cases of blatant frivolity, bad faith, or repetitive frivolous filings. *See, e.g.*, *60 E. 80th St. Equities, Inc. v. Sapir* (*In re 60 E. 80th St. Equities, Inc.*), 218 F.3d 109, 119-20 (2d Cir. 2000); *Moore v. Time, Inc.*, 180 F.3d 463, 463-64 (2d Cir. 1999). While Vincent DePasquale's appeal is without merit, it does not warrant sanctions under this standard.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk