*Woun Jae Shin v. Party Well Rest. & Oriental Bakery, Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March, two thousand twenty-five.

PRESENT:
> AMALYA L. KEARSE,
> PIERRE N. LEVAL,
> RICHARD J. SULLIVAN,
> *Circuit Judges.*

---

WOUN JAE SHIN,

> *Plaintiff-Appellee,*

v.                                                          No. 24-1189

PARTY WELL RESTAURANT & ORIENTAL BAKERY, INC., DANIEL AHN, YOUNG JOON AHN,

*Defendants-Appellants*.[*]

| | |
|---|---|
| **For Defendants-Appellants:** | STEPHEN J. CURLEY, Law Offices of Stephen J. Curley, LLC, Stamford, CT. |
| **For Plaintiff-Appellee:** | Ryan J. Kim, Ryan Kim Law, P.C., Fort Lee, NJ. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 28, 2024 judgment of the district court is **AFFIRMED**.

Defendants Party Well Restaurant & Oriental Bakery, Inc. ("Party Well"), Daniel Ahn, and Young Joon Ahn appeal from a judgment of the district court following a jury verdict in favor of plaintiff Woun Jae Shin on his claims for unpaid wages and other damages under the New York Labor Law ("NYLL"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Defendants first argue that the district court erred by exercising supplemental jurisdiction over Shin's state NYLL claims after the parties

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

stipulated before trial to dismiss his related federal overtime wage claim under the Fair Labor Standards Act (the "FLSA"). "Because a basis for original jurisdiction existed in this case, the district court had the discretion to retain jurisdiction over the plaintiff's supplemental state[-]law claims" after the dismissal of the federal claim. *Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1191 (2d Cir. 1996); *see also* 28 U.S.C. § 1367(c) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a [related state-law claim] if . . . the district court has dismissed all claims over which it has original jurisdiction."). We review the district court's decision for abuse of discretion. *See Kroshnyi v. U.S. Pack Courier Servs., Inc.*, 771 F.3d 93, 102 (2d Cir. 2014). "[W]hen deciding whether to exercise supplemental jurisdiction," courts "must consider 'the values of judicial economy, convenience, fairness, and comity.'" *Id.* (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)).

We see no abuse of discretion in the district court's exercise of supplemental jurisdiction over Shin's NYLL claims. Even though the district court did not explicitly state that it had engaged in a "balanc[ing of] the supplemental jurisdiction factors," *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 86 (2d Cir. 2018), the record demonstrates that the court's decision was appropriate here.

3

The parties stipulated to the dismissal of Shin's FLSA claim just four days before the scheduled start of trial, after the parties had litigated the case in federal court for over three years. *See, e.g.*, *Kroshnyi*, 771 F.3d at 102 (finding no abuse of discretion where, "[b]y the time the federal claims were dismissed," "discovery had been completed, dispositive motions had been submitted, and the case would soon be ready for trial"); *Nowak*, 81 F.3d at 1192 (reaching the same conclusion where the court had presided over the case for a year and dismissed the federal claim only nine days before the case was set for trial). Moreover, the reason for dropping the federal claim was to avoid the needless complication of presenting the jury with two nearly, but not entirely, identical claims for overtime wages. It also bears noting that Shin's NYLL claims did not "present[] [any] issues of special state[-]court expertise" or "any novel questions of state law or state-law causes of action that would be better decided in state court." *Catzin*, 899 F.3d at 86. To the contrary, "wage-and-hour cases like this one are quotidian, and federal courts are well experienced in presiding over them." *Id.* For these reasons, the district court acted within its discretion in declining, on the eve of trial, to dismiss the case and direct the parties to start over in state court.

4

Next, Defendants argue that the district court erred in denying their motion for a new trial or remittitur under Federal Rule of Civil Procedure 59(a). We review a district court's denial of a Rule 59(a) motion for abuse of discretion. *See Mirlis v. Greer*, 952 F.3d 36, 48 (2d Cir. 2020). "A district court ordinarily should not grant a new trial unless it is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, 725 F.3d 65, 112 n.34 (2d Cir. 2013) (internal quotation marks omitted). With respect to remittitur – which "is the process by which a court compels a plaintiff to choose between reduction of an excessive verdict and a new trial," *Stampf v. Long Island R.R. Co.*, 761 F.3d 192, 204 (2d Cir. 2014) (internal quotation marks omitted) – the district court must review damages awarded for state-law claims under the relevant state law, *see Cross v. N.Y.C. Transit Auth.*, 417 F.3d 241, 258 (2d Cir. 2005). Under New York law, an award of damages must be reduced if it "deviates materially from what would be reasonable compensation." N.Y. C.P.L.R. § 5501(c).

Defendants primarily contend that the damages award is excessive in light of the evidence introduced at trial – namely, a February 19, 2020 letter from the U.S. Department of Labor ("DOL") that detailed the DOL's findings from its

5

investigation of Party Well from April 11, 2015 to April 9, 2018 (the "DOL Letter").

That letter indicated that the DOL's investigation "disclosed overtime and

recordkeeping violations of the FLSA." App'x at 181. The letter also included a

"Summary of Unpaid Wages," which specified that Shin, among other employees,

was owed $1,349.13 in back wages and the same amount in liquidated damages

for the period from April 16, 2016 to April 14, 2018. *Id.* at 186. According to

Defendants, this DOL Letter is preclusive as to the amount of back pay owed to

Shin during the timeframe covered by the DOL investigation, and the district court

abused its discretion by not reducing the jury's award of damages, which far

exceeded the amount stated in the DOL Letter for the same period.

Defendants' argument on this issue, however, is so underdeveloped as to be

forfeited. As we have long held, "issues adverted to in a perfunctory manner,

unaccompanied by some effort at developed argumentation, are deemed

[forfeited]." *Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (internal

quotation marks omitted). "[T]o properly present an issue on appeal," "an

appellant . . . must state the issue *and* advance an argument." *Gross v. Rell*, 585

F.3d 72, 95 (2d Cir. 2009) (internal quotation marks omitted). Here, Defendants

baldly assert that the DOL Letter has "preclusive" and "obvious estoppel effect"

6

and that the DOL's "administrative findings are laws [that] cannot be ignored."

Defs. Br. at 17, 19. But their briefs fail to cite any authority regarding preclusion and make no effort to explain how the DOL's findings regarding Party Well's FLSA violations have preclusive effect with respect to Shin's NYLL claims.[1] "To make a legal argument is to advance one's contentions by connecting law to facts." *Sioson v. Knights of Columbus*, 303 F.3d 458, 460 (2d Cir. 2002); *see also* Fed. R. App. P. 28(a)(8)(A) ("[T]he argument . . . must contain . . . [the] appellant's contentions and the reasons for them, with *citations to the authorities* and parts of the record on which the appellant relies." (emphasis added)). By altogether failing to identify any relevant law, much less applying that law to the facts of this case, Defendants have forfeited their argument that the district court erred, when it denied their Rule 59 motion, by not recognizing the purported preclusive effect of the DOL's investigative findings.

In any event, even if we were to reach the argument on the merits, Defendants fall well short of demonstrating that the DOL findings are entitled to

---

[1] Nothing in the appellate record suggests that Defendants raised this preclusion argument prior to their Rule 59 motion, which is similarly devoid of any supporting case law or analysis. The one case that Defendants cite on appeal is clearly inapposite, in that it dealt with the deference owed to the DOL's *regulations* interpreting the FLSA and says nothing about the agency's investigative or administrative *findings*. *See Freeman v. Nat'l Broad. Co.*, 80 F.3d 78, 82 (2d Cir. 1996).

any preclusive effect. The Supreme Court has long observed that, as a general matter, courts "have not hesitated to apply [preclusion]" "[w]hen an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 148 (2015) (internal quotation marks omitted).[2] But here, Defendants proffer no information regarding what evidence the DOL considered or procedures it used in conducting its investigation, and whether and to what extent Shin even participated in the investigation. In short, nothing in the record suggests that the DOL was "acting in a judicial" or even quasi-judicial capacity, or that Shin had an "adequate opportunity to litigate" the issues relating to any unpaid overtime wages he was owed. *Id.* As a result, we see no abuse of discretion in the district court's conclusion that the DOL Letter was not entitled to any preclusive effect but instead was simply trial evidence for the jury to consider and weigh accordingly. In addition, Defendants have not indicated that they paid Shin the amount ordered

---

[2] We apparently have not yet addressed what, if any, preclusive effect a federal administrative agency's investigative findings with respect to violations of federal law (here, the FLSA) may have on a federal suit involving related state law claims (under the NYLL). Because we are confident that Defendants' argument fails under any articulation of the preclusion standard, we need not address this issue.

by the DOL, so the district court's award did not give rise to a threat of any impermissible double recovery.

Defendants also fault the district court for not comparing Shin's damages award with "similar cases to determine whether [it] was excessive under New York law."  Defs. Br. at 20; *see Stampf*, 761 F.3d at 204.  But Defendants do not explain why any such comparison was necessary here, where the jury's damages award turned on the straightforward application of statutory wage formulas to Shin's hourly rate of pay and the number of hours worked.  Defendants do not otherwise challenge – and therefore we need not address – the district court's conclusion that the damages award calculated by the jury was reasonable in light of Shin's testimony and the records introduced at trial regarding his weekly pay and number of hours worked.[3]

Finally, in his appellate brief, Shin asserts that Defendants' appeal is frivolous so as to merit sanctions under Federal Rule of Appellate Procedure 38. As an initial matter, Shin has not filed a separate motion, nor have we given notice to Defendants, one of which is required before we may impose sanctions for a

---

[3] Because we affirm the district court's judgment in full, we reject Defendants' argument that the district court erred in awarding attorneys' fees and costs to Shin as the prevailing party.   *See* N.Y. Lab. Law § 663(1).

9

frivolous appeal under Rule 38. *See Great Am. Ins. Co. v. M/V Handy Laker*, 348 F.3d 352, 354 (2d Cir. 2003) ("[A] court of appeals may make a determination of frivolousness and impose costs only 'after a separately filed motion or notice from the court.'" (quoting Fed. R. App. P. 38)). In any event, "[w]e generally impose such sanctions only in cases of blatant frivolity, bad faith, or repetitive frivolous filings." *DePasquale v. DePasquale*, 568 F. App'x 55, 56–57 (2d Cir. 2014). Although Defendants' appeal is meritless, we cannot say that the arguments they raise "rise to the level of frivolousness." *Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd.*, 682 F.3d 170, 180 (2d Cir. 2012). We therefore decline to impose sanctions, either now or in response to a subsequently filed motion pursuant to Rule 38.

\* \* \*

We have considered Defendants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court, and **DENY** Shin's request for sanctions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court